(No. 49058.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. NORMAN BEYAH, Appellant.

*Opinion filed September 20, 1977.*

424

James Geis, Deputy Defender, and Richard Steck, Assistant Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon, Linda Ann Miller, and Gary W. Adair, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE MORAN delivered the opinion of the court:

After a jury verdict which found him guilty of burglary, defendant, Norman Beyah, was sentenced to a term of 4 to 12 years. Prior to trial, defendant had moved for discharge for not having been brought to trial within 120 days of his arrest and commitment on the charge (Ill. Rev. Stat. 1971, ch. 38, par. 103—5). The motion was denied, the appellate court affirmed the judgment of denial (42 Ill. App. 3d 962), and this court granted leave to appeal.

Defendant was arrested on July 25, 1972, and later indicted. On September 26, 1972, the defendant was arraigned before the acting presiding justice of the criminal court of Cook County. There a public defender was appointed to represent him. Upon a plea of not guilty, the case was assigned to a trial judge. Neither the report of proceedings nor the common law record reveals a trial date having been set. On the same day, defendant appeared before the trial judge and the court continued the case until the next day. On September 27 (the 64th day of commitment), defendant moved for a reduction in the amount of bail bond previously set. Upon conclusion of his testimony in support of the motion, the State began to introduce evidence of defendant's prior criminal record.

The judge interrupted, and the following colloquy occurred.

"THE COURT: I will give you an early date.

MR. GOLDBERG [Assistant State's Attorney]: —served time in the House of Correction—

THE COURT: Motion for bond reduction denied. Go ahead, pick a date.

MR. GOLDBERG: I have got others.

THE COURT: I haven't got time. Pick a date. We'll give him a trial. I can't talk about bond. If you're innocent, you walk out. If you're guilty, you go to jail.

MR. WALTERS [Public Defender] : Set it down for three weeks from today.

THE COURT: How about October 18?

THE DEFENDANT: Can I get one earlier than that?

THE COURT: I can't give you one earlier than that. Motion Defendant, with subpoenas, October 18."

For various other reasons, none attributable to the defendant, the case was delayed, and on December 14, 1972, the defendant appeared before another judge and moved for a discharge on grounds earlier stated. Defense counsel argued that although the record indicated the setting of a trial date had been on motion of defendant, the date set and any resulting delay had actually been on the court's initiative because defense counsel was ordered to "pick a date." The State argued that defense counsel's response—"set it down for three weeks from today [i.e., October 18]," and the defendant's own request for an earlier trial date, constituted either a request for or an acquiescence in the delay of trial. The trial court denied the defendant's motion for discharge, observing that there had, effectively, been a continuance by agreement since both attorneys and the initial trial judge were, on September 27, engaged in another criminal trial. The appellate court essentially agreed with the rationale of the trial court that the continuance was by agreement since the defendant could not have proceeded on September 27

because defendant's counsel was engaged in another trial before the same judge. The appellate court additionally observed that the defendant did not object to the trial court's attributing the continuance to him.

In this court the defendant asserts that he did not waive his right to a speedy trial by failing to object when the trial court, on September 27, attributed a delay to him, and that the effect of the trial and appellate courts' decisions is a technical evasion of his statutory right to a speedy trial. The State renews its argument that the defense, by the above statements, requested, agreed to, or contributed to the delay which tolled the statutory period in which trial was to commence.

Section 103—5 of the Code of Criminal Procedure of 1963 provides in part:

> "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant *** ." (Ill. Rev. Stat. 1971, ch. 38, par. 103—5.)

This court has pointed out that section 103—5 is to be construed liberally so as to give effect to the constitutional right to a speedy trial, and each case is to be decided on its own facts. (*People v. Fosdick* (1967), 36 Ill. 2d 524, 528-29.) Under section 103—5, it is the duty of the State to bring a defendant in custody to trial within 120 days. (See *People v. Bryarly* (1961), 23 Ill. 2d 313, 319.) On a motion for discharge under the section, the defendant has the burden of affirmatively establishing facts which show a violation of his rights under the section. (*People v. Jones* (1965), 33 Ill. 2d 357, 361.) Where it is not clear that a delay is attributable to the defendant, the court will inquire into the circumstances surrounding the granting of the continuance to ascertain if the delay was occasioned by the defendant. *People v. Gooding* (1975), 61 Ill. 2d 298, 301.

At the time of filing the motion for discharge, the

defendant had been confined for 142 days without being brought to trial. It is undisputed that, aside from the September 27 hearing, the defendant had occasioned no delay in trial. It is therefore clear that his motion for discharge should have been granted unless (1) on September 27 there occurred a delay attributable to the defendant, or (2) he waived his rights by his failure to object to the court's entry which attributed delay to him. The second issue was laid to rest in *People v. Shields* (1974), 58 Ill. 2d 202, 209-10, where this court held no waiver on the part of defendant occurred merely by defense counsel's failure to object to the court's entry charging a continuance to him. We therefore consider the first issue.

On September 27, the defendant sought only a reduction in the amount of his bail bond, not a continuation of trial. The trial court denied the motion, and the judge, in essence, directed the setting of October 18 as the trial date, even though the defendant personally requested an earlier date. While the report of proceedings on September 27 does not reveal that the trial judge and counsel for the parties were then engaged in another criminal trial, the record at the hearing on the motion for discharge does state this to be a fact. This is not a case where defense counsel was engaged in another trial and therefore could not proceed. Here, defendant's counsel, the assistant State's Attorney and the trial judge were all engaged in the trial of another defendant. To conclude, under these circumstances and after counsel was ordered to "pick a date," that the delay was occasioned by defendant would be a mockery of justice.

"Any fair and honest appraisal of the proceeding of [September 27, 1972], shows that it was the court, and the court alone, which proposed and interjected the matter of a continuance. It is true defendant was willing to take advantage of the

court's offer, once the court suggested it, but we are unable to see how this factor converted the offer into a request for delay on motion of defendant. In short, the delay which occurred was the responsibility of and attributable to the court, rather than defendant." *People v. Wyatt* (1962), 24 Ill. 2d 151, 154.

For these reasons, we find the defendant was not the cause of the delay and that he was not brought to trial within the applicable statutory limits. The judgments of the circuit court of Cook County and the appellate court are reversed and the cause is remanded to the circuit court of Cook County with directions to enter an order discharging the defendant.

*Reversed and remanded,*
*with directions.*