(No. 68505.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. THOMAS E. WOOLSEY, Appellant.

*Opinion filed November 21, 1990.*

Daniel M. Kirwan, Deputy Defender, and E. Joyce Randolph, Assistant Defender, of the Office of the State Appellate Defender, of Mount Vernon, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Michele I. Lavin, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE WARD delivered the opinion of the court:

This appeal arises out of a claim of conflict between the State's right to enter a *nolle prosequi* in a pending prosecution and a defendant's right to a speedy trial. The defendant, Thomas E. Woolsey, was indicted on August 21, 1987, for the murder of Ronald Bunton and other offenses. On August 31, 1987, after being released on bond, the defendant filed a written demand for a speedy trial. On December 14, 1987, the State nolprossed the charges because of a defect in the indictment and recharged the defendant with the same crimes by way of criminal information. The defendant filed a new demand for a speedy trial on December 16, 1987. On June 21, 1988, the defendant filed a motion to dismiss the charges on the ground that his right to a speedy trial had been violated. Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b).

When the case was called on June 30, 1988, the State moved for entry of a *nolle prosequi*. Defense counsel objected and urged the trial court to decide the speedy-trial question before granting the State's motion. Over the defendant's objection, the court granted the State's mo-

tion and entered a *nolle prosequi*. The defendant appealed and the appellate court dismissed the appeal on the State's motion, holding that the order appealed from was not a final order. (180 Ill. App. 3d 534.) We granted the defendant's petition for leave to appeal. 107 Ill. 2d R. 315.

The defendant raises two issues. First, he argues that the dismissal of criminal charges through a *nolle prosequi* constitutes a final order or judgment for purposes of appeal. Second, he argues that the trial court erred in failing to conduct a hearing on his motion for discharge on speedy-trial grounds before allowing the State to enter a *nolle prosequi*.

We first consider whether the dismissal of criminal charges through a *nolle prosequi* constitutes a final order or judgment for purposes of appeal. Our constitution provides for appeals from final judgments of the circuit court as a matter of right. (Ill. Const. 1970, art. VI.) "To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment." (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48; see also *People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 537.) A judgment is considered final in a criminal case only after a defendant has been convicted and sentenced. *People v. Allen* (1978), 71 Ill. 2d 378.

The defendant nevertheless argues that an order dismissing criminal charges through a *nolle prosequi* is a final judgment for purposes of appellate review, because it is a judgment which terminates the prosecution at that point. He argues that the appellate court's decision in *People v. A.L.* (1988), 169 Ill. App. 3d 581, supports this view and urges this court to adopt its reasoning.

In *People v. A.L.* (1988), 169 Ill. App. 3d 581, the State filed a delinquency petition against a juvenile for

the misdemeanor offenses of battery and criminal damage to property. The defendant demanded trial and answered ready for trial. Six months after the petition was filed, the State moved to strike the juvenile petition with leave to reinstate, a procedure referred to as "stricken on leave," or SOL. The minor objected and moved to dismiss the petition for failure to provide him with a speedy trial. Without ruling on the objection, the court granted the State's motion. Subsequently, the minor moved to reinstate the juvenile petition and to dismiss the cause for failure to provide a speedy trial. The trial court denied the motion and the minor appealed. The State moved to dismiss the appeal on the ground that the SOL order was interlocutory in nature and not reviewable under Supreme Court Rule 604, which authorizes appeals from certain interlocutory judgments. (107 Ill. 2d R. 604.) The appellate court concluded that the SOL procedure indefinitely prolonged the possibility of prosecution with no predictable termination date and treated the order as a final judgment for purposes of appeal. (*People v. A.L.* (1988), 169 Ill. App. 3d 581, 584.) The court considered that the Supreme Court's decision in *Klopfer v. North Carolina* (1967), 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988, controlled the jurisdictional issue.

In *Klopfer*, the Supreme Court held that a State may not indefinitely postpone criminal prosecution on an indictment, without justification and over the objection of the accused, through use of a *nolle prosequi* with leave to reinstate. (*Klopfer v. North Carolina* (1967), 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988.) Although the Supreme Court in *Klopfer* found a due process violation under the facts of that case, it did not consider or discuss whether or not the order to nol-pros with leave to reinstate was a final and appealable order. (See also *People v. Baskin* (1967), 38 Ill. 2d 141 (court held that entry of

an order striking the complaint with leave to reinstate at the same time that the defendant was demanding trial did not violate her constitutional right to a speedy trial, but the court did not consider whether the order was an appealable judgment).) Thus, the appellate court in *People v. A.L.* (1988), 169 Ill. App. 3d 581, improperly relied upon *Klopfer* as authority for its conclusion that an order striking the juvenile petition with leave to reinstate is a final and, thus, an appealable order. Neither *Klopfer* nor *A.L.* supports the defendant's claim that the entry of a *nolle prosequi* is a final, appealable order.

This court has previously held that the entry of a *nolle prosequi* is not a final disposition of a case but, like a nonsuit in a civil suit, is a procedure which reverts the matter to the same condition which existed before the commencement of the prosecution. (*People v. Watson* (1946), 394 Ill. 177, 179.) The effect of a *nolle prosequi* is to dismiss the indictment or other charging instrument and to permit the defendant to be free without entering into a recognizance to appear when called. (*People v. Watson* (1946), 394 Ill. 177, 179.) The procedure does not bar subsequent prosecution for the same offenses if it is entered before jeopardy has attached. *People v. Watson* (1946), 394 Ill. 177, 179.

Accordingly, the order granting the State's motion for a *nolle prosequi* was an interlocutory, rather than a final, order. No appeal lies from an interlocutory order in the absence of a statute or rule specifically authorizing such review. (*People v. Miller* (1966), 35 Ill. 2d 62, 67.) Although this court has provided by rule for appeals in criminal cases from certain interlocutory judgments (107 Ill. 2d R. 604), this rule does not authorize an appeal by a defendant from the grant of a *nolle prosequi*. In the absence of such authority, it follows that the appellate court correctly determined that it lacked jurisdiction to entertain the defendant's appeal. See *Parr v.*

*United States* (1956), 351 U.S. 513, 100 L. Ed. 1377, 76 S. Ct. 912 (the dismissal of an indictment is not a final order for purposes of appellate review and a defendant lacks standing to appeal such dismissal).

Notwithstanding the interlocutory nature of the circuit court's order, the defendant argues that this court should exercise its supervisory authority over the trial court and order it to consider his motion to dismiss. (Ill. ` Const. 1970, art. VI, §16; 107 Ill. 2d R. 383; *Dornfeld v. Julian* (1984), 104 Ill. 2d 261; *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61; *Brokaw Hospital v. Circuit Court* (1972), 52 Ill. 2d 182.) We agree that the trial court erred in allowing the State's motion to nol-pros the charges without first ruling on the defendant's motion to dismiss on speedy-trial grounds, and we enter a supervisory order remanding the cause to the trial court for consideration of the defendant's speedy-trial motion.

The State's Attorney has the discretion to enter a *nolle prosequi* when, in his or her judgment, the prosecution should not continue. (*People v. Byrnes* (1975), 34 Ill. App. 3d 983.) The State's Attorney's power to nol-pros, however, is subject to the discretion and approval of the trial court. (*People ex rel. Hoyne v. Newcomer* (1918), 284 Ill. 315; *cf. People ex rel. Castle v. Daniels* (1956), 8 Ill. 2d 43, 47-48 (the Attorney General, however, has an absolute power to nol-pros unless the action is vexatious and repetitious, because the Attorney General's powers have their source in the common law, rather than in statute).) A court must allow the State's Attorney to enter a *nolle prosequi* unless it is persuaded that the prosecutor's action is capricious or vexatiously repetitious or that the entry of a *nolle prosequi* will prejudice the defendant. See *People v. Rudi* (1984), 103 Ill. 2d 216, 222-23; *People v. Davies* (1985), 136 Ill. App. 3d 212, 215.

The defendant had two motions pending when the trial court allowed the State to enter a *nolle prosequi*: a motion to suppress evidence and the motion to dismiss for violation of the speedy-trial act. Only the latter motion is involved here. The defendant's motion to dismiss alleged that he made a valid demand for a speedy trial on August 31, 1987, and that he was not brought to trial within 160 days, as required by section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5). That section provides:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date the defendant demands trial unless delay is occasioned by the defendant ***." (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b).)

Section 103—5 implements the right to a speedy trial assured by the State and Federal Constitutions, and must be liberally construed. Ill. Const. 1970, art. I, §8; U.S. Const., amend. VI; *People v. Reimolds* (1982), 92 Ill. 2d 101; *People v. Fosdick* (1967), 36 Ill. 2d 524.

Section 114—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, par. 114—1) sets out the procedure for invoking the right conferred in section 103—5. It provides that, upon the written motion of the defendant, the court may dismiss the indictment, information or complaint upon the ground that the defendant has not been placed on trial in compliance with section 103—5. (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(a)(1).) If the defendant's motion presents only an issue of law, the court must determine the matter without further pleadings. (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(a)(1).) If the defendant's motion to dismiss alleges facts not of record, however, the State must file an answer admitting or denying the factual allegations in the motion and the court must conduct a hearing and determine the issues. (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(d).) The

trial court here did not conduct a hearing or consider the issues raised in the defendant's motion to dismiss. Instead, the court allowed the State to nol-pros the charges. The court determined that the entry of the *nolle prosequi* did not prejudice the defendant because he may renew his speedy-trial claim if the State's Attorney resumes the prosecution at a future date.

The defendant argues that the trial court erred when it allowed the State to enter a *nolle prosequi* before ruling on his motion to dismiss. He argues that if the trial court had decided the speedy-trial issue before allowing the State's motion to dismiss, he would be relieved of the anxiety over the possibility of future prosecution. He also argues that the State would not waste its investigative and trial resources for a subsequent prosecution in the event that his speedy-trial term has already run. The defendant cites *People v. A.L.* (1988), 169 Ill. App. 3d 581, and *Klopfer v. North Carolina* (1967), 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988, as authority for his claims. The State responds that the defendant here, unlike the defendants in *Klopfer* and *A.L.*, was not prejudiced by the trial court's failure to rule on his speedy-trial motion.

In *Klopfer*, the defendant was indicted for criminal trespass when he participated in a civil rights sit-in. Trial commenced shortly after the indictment was returned but the jury was unable to reach a verdict and a mistrial was declared. Subsequently, the prosecutor moved for leave to enter a *nolle prosequi* with leave to reinstate the prosecution at a later time. The effect of such an order under North Carolina law was to leave the indictment pending with the prosecutor empowered to reinstate it later for trial. The procedure also tolled the statute of limitations. The defendant, a college professor, objected to the entry of such an order, contending that the pendency of the indictment interfered with his pro-

fessional activities and his travel. Although no justification was offered to the trial court for the requested delay in prosecuting the action, the trial court allowed the State to enter a *nolle prosequi* with leave to reinstate.

The North Carolina Supreme Court affirmed, holding that a defendant had no right to compel the State to prosecute him if the prosecutor elected to take a *nolle prosequi*. The United States Supreme Court reversed, holding that the State procedure violated the defendant's right to a speedy trial guaranteed by the sixth amendment to the United States Constitution. The Court noted that neither the North Carolina courts nor the prosecuting attorney had offered any reason why the case should have been *nolle prossed*, except for the court's suggestion that, having tried the accused once and obtaining a mistrial, the prosecuting attorney may have concluded that another trial would not be worth the time and effort. (*Klopfer*, 386 U.S. at 215, 18 L. Ed. 2d at 3, 87 S. Ct. at 989.) The Court held that the *nolle prosequi* procedure violated the defendant's sixth amendment right to a speedy trial made applicable to the States through the fourteenth amendment. The Court stated:

"The petitioner is not relieved of the limitations placed upon his liberty by this prosecution merely because its suspension permits him to go 'whithersoever he will.' The pendency of the indictment may subject him to public scorn and deprive him of employment, and almost certainly will force curtailment of his speech, associations and participation in unpopular causes. By indefinitely prolonging this oppression, as well as the 'anxiety and concern accompanying public accusation,' the criminal procedure *** denies the petitioner the right to a speedy trial***." 386 U.S. at 221-22, 18 L. Ed. 2d at 7, 87 S. Ct. at 992-93.

The defendant here argues that he, like the defendants in *Klopfer* and *People v. A.L.* (1988), 169 Ill. App. 3d 581, has a right to be free of the notoriety of criminal

accusation. He argues that he suffered prejudice when the trial court allowed the State's motion to dismiss the charges without first deciding whether the speedy-trial term had expired.

As the State points out, a *nolle prosequi* is distinguishable in some respects from the procedures considered in *A.L.* and *Klopfer*. The SOL procedure considered in *People v. A.L.* and the *nolle prosequi* with leave to reinstate procedure considered in *Klopfer* were similar in that the criminal charges, though temporarily suspended, continued to pend against the defendant even after the State's motion was allowed. In both *Klopfer* and *A.L.*, the State's action did not discharge the defendant from the indictment or terminate the proceedings against him. The charges continued in force against the accused, though in a dormant state, and could be reinstated upon the State's motion at any time. *People v. Lang* (1986), 113 Ill. 2d 407, 443.

The *nolle prosequi* procedure at issue here differs from the procedures at issue in *Klopfer* and *A.L.*, in that the *nolle prosequi* dismisses the indictment or charge as to which it is entered and terminates all further prosecution under the dismissed indictment. No criminal charges pend against the defendant when an indictment is nolprossed and the State must file a new charging instrument to reinstate its prosecution. *People v. Watson* (1946), 394 Ill. 177, 179; *People v. Sanders* (1980), 86 Ill. App. 3d 457, 469.

Notwithstanding this important distinction, the *nolle prosequi* procedure is similar in many other respects to the procedural devices which the courts in *A.L.* and *Klopfer* found intolerable. Although the charges against the defendant were dismissed, the State may reinstate its murder prosecution against the defendant at any time. (Ill. Rev. Stat. 1987, ch. 38, par. 3—5(a).) The *nolle prosequi* has indefinitely prolonged the possibility that

he may be prosecuted for murder. The procedure has also prolonged the defendant's anxiety and concern over such a prosecution. The unresolved criminal accusation may subject him to public scorn and prejudice his employment opportunities and associations. (See *Klopfer v. North Carolina* (1967), 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988.) Although the defendant may renew his speedy-trial claim if he is reindicted, he may be irreparably prejudiced if the witnesses to his speedy-trial claim are unavailable when he is reindicted. The defendant may also suffer prejudice because of fading memories regarding whether the prosecution or the defense was responsible for particular periods of delay and on other critical questions.

Although many of these deterring concerns are present whenever the State enters a *nolle prosequi*, there is one other concern which can be added to the reasons for requiring the trial court to consider a defendant's motion to dismiss on speedy-trial grounds before allowing the State to nol-pros an indictment or information. The decision to nol-pros a charge is within the discretion of the prosecution and, thus, can be used to improperly manipulate criminal proceedings or to purposefully evade the operation of the speedy-trial statute. (*People v. Sanders* (1980), 86 Ill. App. 3d 457, 467; see also *People v. Fosdick* (1967), 36 Ill. 2d 524; *People v. Lee* (1969), 44 Ill. 2d 161.) We do not say there was such an impropriety here, but it is to be noted that possible critics could consider that the State's decision to nol-pros the indictment was, in fact, an attempt to avoid the consequences of the speedy-trial statute. The State moved to nol-pros the charges only after the defendant made a preliminary showing that more than 160 days had elapsed since the date of his speedy-trial demand. The State did not respond to the defendant's allegations that his right to a speedy trial was violated and that he was

entitled to a dismissal of the charges without the danger of a future prosecution. Instead, the State simply moved to nol-pros the charges against the defendant. Suspicious critics confronted with similar circumstances could argue that the State was attempting to use the delay occurring when an indictment is nol-prossed as an intentional tactic to gain an unfair advantage over the accused. Section 103—5 implements the constitutional right to a speedy trial and cannot be diminished through technical evasions. (*People v. Fosdick* (1967), 36 Ill. 2d 524.) In the interests of judicial economy and fairness to the defendant, the trial court should have disposed of the defendant's speedy-trial motion before allowing the State to nol-pros the indictment.

In reaching this conclusion, we are guided by our recent decision in *Gibellina v. Handley* (1989), 127 Ill. 2d 122. In *Gibellina*, the court held that when there is a motion, potentially dispositive of the case, before the court prior to the filing of a motion to voluntarily dismiss, the trial court should consider and decide that motion before allowing the motion to voluntarily dismiss an action. *Gibellina* interpreted the scope of section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009), and, thus, may not be regarded as controlling authority here. The question considered in *Gibellina*, however, resembles in certain respects the question here. In both cases, one of the litigants filed a motion which, if favorably ruled upon, could have resulted in a final disposition of the case. The opposing litigant later filed a motion to voluntarily dismiss the case without prejudice to its right to refile it at some later time. In both situations, the motion to voluntarily dismiss was made "in the face of" a potentially dispositive motion and was used to "avoid a potential decision on the merits." *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 127.

The court in *Gibellina* determined that some action was necessary to remedy what had become a history of abuse of the voluntary dismissal statute. Although we are confronted with what could be an isolated instance of abuse of the *nolle prosequi* procedure, and not a history of abuse, the defendant's interest in prompt consideration of his potentially dispositive motion has greater force than the considerations which prompted the court in *Gibellina* to create an exception to the voluntary dismissal statute. As stated, the speedy-trial statute implements the constitutional right to a speedy trial and must be liberally construed. The court may not permit the State to use the *nolle prosequi* procedure as a means of obstructing the defendant's right to a speedy trial. We conclude that the trial court erred in allowing the State to nol-pros the charges against the defendant, without first considering the defendant's motion to dismiss on speedy-trial grounds.

We do not mean to suggest that a trial court must dispose of all pending motions before allowing the State to nol-pros an indictment. We limit our holding to potentially dispositive defense motions filed before the State moves to nol-pros the charging instrument.

For the reasons stated, the judgment of the appellate court is affirmed. In the exercise of our supervisory authority, the order of the circuit court is vacated and we remand this cause to the circuit court for an evidentiary hearing on the defendant's speedy-trial motion.

*Appellate court judgment affirmed;*
*supervisory order entered.*