THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KEVIN DEON WYNN, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BRIAN J. BLUE, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROSIE GOUARD, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JASON ALLEN BOGGESS, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BRIAN M. CORNETT, Defendant-Appellee.

Fourth District    Nos. 4—97—0926, 4—97—0927, 4—97—1051 through 4—97—1053 cons.

Argued May 14, 1998.—Opinion filed June 1, 1998.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Arden J. Lang (argued), both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

These consolidated appeals involve five defendants, Brian Cornett, Kevin Wynn, Brian Blue, Rosie Gouard, and Jason Boggess, and their motions to dismiss the charges against them based upon alleged violations of section 103—5(b) of the Code of Criminal Proce-

dure of 1963 (Code) (725 ILCS 5/103—5(b) (West 1996)) (a provision of the statute, commonly referred to as the Speedy Trial Act, that requires the trial of a defendant released from custody on bail or recognizance within 160 days of the defendant's demand for trial). The pertinent facts of each defendant's case are essentially the same. The trial court granted each defendant's motion to dismiss, and the State appeals. We affirm.

## I. BACKGROUND

### A. Case No. 4—97—1053

In March 1997, the State charged defendant Cornett by information with criminal trespass to real property (720 ILCS 5/21—3(a) (West 1996)). At defendant's March 1997 arraignment, the trial court, Judge Borbely, set a pretrial hearing for June 3, 1997, and defendant's trial for October 27, 1997. The court also released defendant on bail. On March 26, 1997, defendant filed a speedy trial demand pursuant to section 103—5(b) of the Code.

In an April 11, 1997, memorandum letter, Judge Borbely informed the prosecutor and defense counsel of the judge's upcoming "Vacation and Scheduling." That letter stated, in pertinent part, as follows:

"Based on Andy's school schedule, I am now able to give you a few more of my vacation dates as follows:

* * *

5. June 3, 1997. Pre-trials scheduled for the morning can be continued to the trial date for each case. There are no hearings scheduled for the afternoon.

* * *

I would further suggest that notice of the foregoing be handled as follows:

* * *

b) State to send notice regarding pre-trials which are continued from May 13, May 14, June 2, June 3, and June 4."

On June 3, 1997, the prosecutor showed up for the pretrial proceeding; however, neither Judge Borbely, defense counsel, nor defendant appeared. On October 24, 1997, defendant filed a motion to dismiss the charges pursuant to section 103—5(b) of the Code, alleging that the State had not brought him to trial within 160 days from the date he filed his speedy trial demand (March 26, 1997).

At the November 1997 hearing on that motion, defense counsel argued, in part, that the delay could not be attributed to defendant because the June 3, 1997, pretrial hearing could not "be called without a [j]udge." After considering counsel's arguments, Judge

Stipp, the trial judge conducting the hearing on the motion, found that (1) no delay was attributable to defendant; and (2) 215 days had elapsed between March 26, 1997, and his October 27, 1997, trial date. Judge Stipp thus granted defendant's motion to dismiss.

## B. Case No. 4—97—0926

In March 1997, the State charged defendant Wynn by information with criminal trespass to real property and criminal damage to property (720 ILCS 5/21—3, 21—1(1)(a) (West 1996)). At defendant's March 1997 arraignment, Judge Borbely set a pretrial hearing for June 3, 1997, and defendant's trial for September 26, 1997. The judge also released defendant on bail.

On March 19, 1997, defendant filed a speedy trial demand pursuant to section 103—5(b) of the Code. In an April 11, 1997, memorandum letter, Judge Borbely informed the prosecutor and defense counsel of the judge's upcoming vacation schedule (as earlier set forth).

On June 3, 1997, the prosecutor and defendant showed up for the pretrial proceeding; however, neither Judge Borbely nor defense counsel appeared. On September 25, 1997, defendant filed a motion to dismiss the charges pursuant to section 103—5(b) of the Code, alleging that the State had not brought him to trial within 160 days from the date he filed his speedy trial demand (March 19, 1997).

At the hearing on the motion, the prosecutor argued that the delay between June 3, 1997, and September 26, 1997, should be attributed to defendant because defense counsel was absent from the June 3, 1997, pretrial proceeding. Defense counsel argued that the delay should not be attributed to defendant because Judge Borbely was not present for that pretrial proceeding. After considering counsel's arguments, Judge Stipp granted defendant's motion to dismiss.

## C. Case No. 4—97—0927

In March 1997, the State charged defendant Blue by information with two counts of domestic battery (720 ILCS 5/12—3.2(a)(1), (a)(2) (West 1996)). At defendant's March 1997 arraignment, Judge Borbely set a pretrial hearing for June 3, 1997, and defendant's trial for September 26, 1997. The judge also released defendant on bail.

On March 19, 1997, defendant filed a speedy trial demand pursuant to section 103—5(b) of the Code. In an April 11, 1997, memorandum letter, Judge Borbely informed the prosecutor and defense counsel of the judge's upcoming vacation schedule (as earlier set forth).

On June 3, 1997, the prosecutor and defendant showed up for the

pretrial proceeding; however, neither Judge Borbely nor defense counsel appeared. On September 25, 1997, defendant filed a motion to dismiss the charges pursuant to section 103—5(b) of the Code, alleging that the State had not brought him to trial within 160 days from the date he filed his speedy trial demand (March 19, 1997).

At the hearing on the motion, the prosecutor argued that the delay between June 3, 1997, and September 26, 1997, should be attributed to defendant because defense counsel was absent from the June 3, 1997, pretrial proceeding. Defense counsel argued that the delay should not be attributed to him because Judge Borbely was not present for that proceeding. After considering counsel's arguments, Judge Stipp granted defendant's motion to dismiss.

### D. Case No. 4—97—1051

In March 1997, the State charged defendant Gouard by information with theft (720 ILCS 5/16—1(a)(1)(A) (West 1996)). At defendant's April 1997 arraignment, Judge Borbely set a pretrial hearing for June 3, 1997, and defendant's trial for October 31, 1997. The judge also released defendant on bail.

On April 11, 1997, defendant filed a speedy trial demand pursuant to section 103—5(b) of the Code. In an April 11, 1997, memorandum letter, Judge Borbely informed the prosecutor and defense counsel of the judge's upcoming vacation schedule (as earlier set forth).

On June 3, 1997, the prosecutor and defendant showed up for the pretrial proceeding; however, neither Judge Borbely nor defense counsel appeared. On October 27, 1997, defendant filed a motion to dismiss the charges pursuant to section 103—5(b) of the Code, alleging that the State had not brought her to trial within 160 days from the date she filed her speedy trial demand (April 11, 1997).

At the November 1997 hearing on that motion, defense counsel argued that she was not present on June 3, 1997, because Judge Borbely had informed her and the prosecutor (by his April 11, 1997, letter) that he would not be available on that day. The prosecutor argued that Judge Borbely's letter did not constitute an order, but instead contained only suggestions to the attorneys involved. The prosecutor thus argued that Judge Borbely's prior order that the pretrial hearing take place on June 3, 1997, remained in effect and—consistent with the Vermilion County practice of holding "pretrials" regardless of whether the trial judge is present—defense counsel's absence on June 3, 1997, constituted delay attributable to defendant. In particular, the prosecutor argued as follows regarding Judge Borbely's absence on June 3, 1997, "Quite frankly, that doesn't matter. Without

a judge here, all that means is there's not going to be an order presented by the [c]ourt or an agreement presented by the [c]ourt." After considering counsel's arguments, Judge Stipp found that (1) "no delays [were] attributable to the [d]efendant because of the absence of Judge Borbely on June 3, 1997"; and (2) 203 days had elapsed between April 11, 1997, the date defendant filed her speedy trial demand, and her October 31, 1997, trial date.

### E. Case No. 4—97—1052

In March 1997, the State charged defendant Boggess by information with retail theft (720 ILCS 5/16A—3 (West 1996)). At defendant's April 1997 arraignment, Judge Borbely set a pretrial hearing for June 3, 1997, and defendant's trial for October 31, 1997. The judge also released defendant on bail.

On April 11, 1997, defendant filed a speedy trial demand pursuant to section 103—5(b) of the Code. In an April 11, 1997, memorandum letter, Judge Borbely informed the prosecutor and defense counsel of the judge's upcoming vacation schedule (as earlier set forth).

On June 3, 1997, the prosecutor and defendant showed up for the pretrial proceeding; however, neither Judge Borbely nor defense counsel appeared. On October 27, 1997, defendant filed a motion to dismiss the charges pursuant to section 103—5(b) of the Code, alleging that the State had not brought him to trial within 160 days from the date he filed his speedy trial demand (April 11, 1997).

At the November 1997 hearing on that motion, Judge Stipp granted the prosecutor's motion to adopt and incorporate the State's argument and objection raised during the hearing on defendant Gouard's motion to dismiss. Judge Stipp then adopted and incorporated the court's findings and rulings in defendant Gouard's case and granted defendant Boggess' motion to dismiss.

These appeals followed.

### II. SPEEDY TRIAL ACT

The State argues that the trial court erred by granting defendants' motions to dismiss based on violations of the Speedy Trial Act. Specifically, the State contends that the delays here were attributable to defendants because defense counsel in each case was absent from the June 3, 1997, pretrial proceeding, and

> "[t]he 'suggestions' in Judge Borbely's informal extra-record memo did not excuse that absence. They were not an order, they did not supplant the order setting pretrial for June 3, and *the judge's presence is not required for pretrials in Vermilion County.*" (Emphasis added.)

We disagree.

■ The Speedy Trial Act provides an enforcement mechanism for violations of the constitutional right to a speedy trial. See Ill. Const. 1970, art. I, § 8; *People v. Woolsey*, 139 Ill. 2d 157, 165, 564 N.E.2d 764, 767 (1990); *People v. Healy*, 293 Ill. App. 3d 684, 689, 688 N.E.2d 786, 789 (1997). That statute provides, in relevant part, as follows:

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***.

* * *

(d) Every person not tried in accordance with *** this [s]ection shall be discharged from custody or released from the obligations of his bail or recognizance." 725 ILCS 5/103—5(b), (d) (West 1996).

On a motion to dismiss for an alleged violation of section 103—5 of the Code, the defendant bears the burden of affirmatively establishing the violation. *People v. Bowman*, 138 Ill. 2d 131, 137, 561 N.E.2d 633, 636 (1990). The trial court's determination as to who is responsible for a trial delay is entitled to great deference, and a reviewing court should sustain it absent a clear abuse of discretion. *People v. McDonald*, 168 Ill. 2d 420, 442, 660 N.E.2d 832, 841 (1995).

■ In the present case, no dispute exists that defendants timely filed speedy trial demands pursuant to section 103—5(b) of the Code (725 ILCS 5/103—5(b) (West 1996)). Nor does any dispute exist that defendants were not tried within 160 days from the dates they filed their speedy trial demands. Instead, the State contends that the delay between the June 3, 1997, pretrial proceeding and each defendant's trial date was attributable to each defendant because defense counsel failed to appear at that proceeding.

The problem with the State's contention is that the June 3, 1997, "proceeding" in each case did not constitute a judicial hearing in the first place. Although pretrial discussions between the parties leading to a possible plea agreement may be desirable, without the presence of the trial judge, such discussions remain simply that and cannot constitute a judicial hearing or proceeding—or whatever else the parties may choose to call it.

Contrary to the State's claim, a judge's presence during a criminal proceeding at the trial court level is not optional. Thus, because the June 3, 1997, "proceeding" did not constitute a judicial proceeding at all, the absence of defense counsel from that "proceeding" was wholly irrelevant in allocating responsibility for the trial delays here. Accordingly, we hold that the trial court did not abuse its discretion by granting defendants' motions to dismiss for violations of section 103—5(b) of the Code.

In support of the rather unremarkable proposition that a proceeding in which the trial judge does not appear is *not* a judicial proceeding, we cite the recent decision of the Supreme Court of Illinois in *People v. Vargas*, 174 Ill. 2d 355, 673 N.E.2d 1037 (1996). In *Vargas*, the supreme court addressed a situation in which a trial judge left the courtroom during the testimony of the final witness in a defendant's felony trial, and the court held that a presiding trial judge's total absence from the proceedings is *per se* reversible error because the judge's presence is vital to the preservation of the integrity of the justice system and the defendant's right to a fair trial. In so holding, the supreme court reasoned, as follows:

> "[B]ecause of the significant public and private interests involved in a criminal jury trial, a harmless error rule standard of reviewing a judge's complete absence from the bench is ill-advisable in felony cases. *** In our view, only a rule which requires reversal when a judge totally absents himself or herself from the proceedings will effectively remove any incentive which might otherwise exist for the judge to disregard the significant interests involved in a criminal trial." *Vargas*, 174 Ill. 2d at 371-72, 673 N.E.2d at 1045.

The State also contends that—assuming Judge Borbely's April 11, 1997, letter constituted an order continuing the cases—defense counsel in each case "concurred in the continuance" and failed to take any affirmative action in response to Judge Borbely's order, such as objecting or renewing the speedy trial demand. We are unpersuaded.

■ Under section 103—5(b) of the Code, a delay is "occasioned by" or attributable to the defendant when an affirmative act by the defendant causes or contributes to the delay. *People v. Turner*, 128 Ill. 2d 540, 550, 539 N.E.2d 1196, 1199 (1989). An express agreement on the record to a continuance is an affirmative act attributable to the defendant. *People v. Reimolds*, 92 Ill. 2d 101, 106, 440 N.E.2d 872, 875 (1982). However, mere acquiescence to a date suggested by the trial court is not an affirmative act attributable to the defendant. *People v. Beyah*, 67 Ill. 2d 423, 428-29, 367 N.E.2d 1334, 1336-37 (1977); *Healy*, 293 Ill. App. 3d at 690, 688 N.E.2d at 790.

In *Beyah*, during defendant's bail hearing, the following exchange took place:

> "THE COURT: Motion for bond reduction denied. Go ahead, pick a date.
>
> MR. GOLDBERG [(Assistant State's Attorney)]: I have got others [prior criminal records to present].
>
> THE COURT: I haven't got time. Pick a date. We'll give him a

trial. I can't talk about bond. If you're innocent, you walk out. If you're guilty, you go to jail.

MR. WALTERS [(Public Defender)]: Set it down for three weeks from today.

THE COURT: How about October 18?

THE DEFENDANT: Can I get one earlier than that?

THE COURT: I can't give you one earlier than that. Motion Defendant, with subpoenas, October 18." *Beyah*, 67 Ill. 2d at 426, 367 N.E.2d at 1335.

The trial court then scheduled the defendant's trial in three weeks and charged the delay to the defendant.

On appeal, the supreme court noted that although the record reflected that the trial court set the trial on the defendant's motion, the court had initiated the delay. *Beyah*, 67 Ill. 2d at 426, 367 N.E.2d at 1335. The supreme court thus held that the trial court could not order the defendant to pick a date and then attribute the resulting delay to defendant. *Beyah*, 67 Ill. 2d at 428, 367 N.E.2d at 1336-37. In so holding, the supreme court reasoned that attributing the delay to the defendant would be "a mockery of justice" because " 'the court, and the court alone' " proposed the continuance even though the defendant took advantage of the court's offer. *Beyah*, 67 Ill. 2d at 428-29, 367 N.E.2d at 1336-37, quoting *People v. Wyatt*, 24 Ill. 2d 151, 154, 180 N.E.2d 478, 479 (1962).

Similarly in *Healy*, the prosecutor requested several continuances over a period of five months to complete blood, hair, and saliva analyses. In response to the trial court's decisions to grant continuances to the prosecution, defense counsel made certain statements, such as "Sure, Judge" and "Very good, Judge." The court subsequently attributed delays resulting from those continuances to the defendant and denied the defendant's motion to dismiss. *Healy*, 293 Ill. App. 3d at 687-89, 688 N.E.2d at 788-89.

On appeal, the court held that the delay was not attributable to the defendant because defense counsel's statements did not constitute express agreement to the continuances. In so holding, the *Healy* court distinguished between cases in which the defense expressly agreed to delays (see *Turner*, 128 Ill. 2d at 552, 539 N.E.2d at 1200 (record showed the defendant personally concurred in setting a new trial date)) and those in which defense counsel merely acquiesced in delays (see *Beyah*, 67 Ill. 2d at 428, 367 N.E.2d at 1336-37). *Healy*, 293 Ill. App. 3d at 693-94, 688 N.E.2d at 792. We agree with the appellate court in *Healy* that a distinction should be drawn between mere acquiescence to delays and express agreement to delays, and we hold that mere acquiescence to a date suggested by the trial court does not constitute delay "occasioned by the defendant."

In this case, Judge Borbely's April 11, 1997, memorandum letter (1) indicated that he would not be available for pretrial hearings on June 3, 1997, and pretrial hearings scheduled for that day could be continued to the trial date in each case; and (2) suggested that the State "send notice regarding pre[ ]trials which are continued." In response to that letter, defense counsel in each case did not show up for the June 3, 1997, proceeding. The records before us do not show any affirmative acts or agreements by defendants which contributed to the delays. See *Reimolds*, 92 Ill. 2d at 107, 440 N.E.2d at 875. Defense counsel's conduct here amounted to nothing more than acquiescence in dates suggested by the trial court. Thus, we hold that the court did not abuse its discretion by granting defendants' motions to dismiss based on violations of section 103—5(b) of the Code.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgments.

Affirmed.

GARMAN, P.J., and COOK, J., concur.