NOS. 4-97-0926, 4-97-0927, 4-97-1051, 4-97-1052, 4-97-1053 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from 

Plaintiff-Appellant, ) Circuit Court of 

v. (No. 4-97-0926) ) Vermilion County 

KEVIN DEON WYNN, ) No. 97CM209 

Defendant-Appellee. ) 

----------------------------------------) 

THE PEOPLE OF THE STATE OF ILLINOIS, ) 

Plaintiff-Appellant, ) 

v. (No. 4-97-0927) ) No. 97CM211

BRIAN J. BLUE, ) 

Defendant-Appellee. )

----------------------------------------)

THE PEOPLE OF THE STATE OF ILLINOIS, ) 

Plaintiff-Appellant, ) 

v. (No. 4-97-1051) ) No. 97CM176

ROSIE GOUARD, ) 

Defendant-Appellee. ) 

----------------------------------------)

THE PEOPLE OF THE STATE OF ILLINOIS, ) 

Plaintiff-Appellant, ) 

v. (No. 4-97-1052) ) No. 97CM227

JASON ALLEN BOGGESS, ) 

Defendant-Appellee. )

----------------------------------------)

THE PEOPLE OF THE STATE OF ILLINOIS, ) No. 97CM226

Plaintiff-Appellant, ) 

v. (No. 4-97-1053) ) Honorable 

BRIAN M. CORNETT, ) Gordon R. Stipp, 

Defendant-Appellee. ) Judge Presiding.

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

These consolidated appeals involve five defendants, Brian Cornett, Kevin Wynn, Brian Blue, Rosie Gouard, and Jason Boggess, and their motions to dismiss the charges against them based upon alleged viola­tions of section 103-5(b) of the Code of Crimi­nal Proce­dure of 1963 (Code) (725 ILCS 5/103-5(b) (West 1996)) (a provision of the statute, com­mon­ly referred to as the Speedy Trial Act, that requires the trial of a defendant re­leased from custody on bail or recognizance within 160 days of the defendant's demand for trial).  The pertinent facts of each defendant's case are essentially the same.  The trial court grant­ed each defendant's motion to dismiss, and the State ap­peals.  We affirm.    

I.  BACKGROUND

A.  Case No. 4-97-1053

In March 1997, the State charged defendant Cornett by infor­mation with criminal trespass to real property (720 ILCS 5/21-3(a) (West 1996)).  At defendant's March 1997 arraignment, the trial court, Judge Borbely, set a pretrial hearing for June 3, 1997, and defendant's trial for October 27, 1997.  The court also released defendant on bail.  On March 26, 1997, defendant filed a speedy trial demand pursuant to section 103-5(b) of the Code.

In an April 11, 1997, memorandum letter, Judge Borbely in­formed the prose­cu­tor and defense counsel of the judge's upcoming "Vacation and Sched­ul­ing."  That letter stated, in pertinent part, as follows:

"Based on Andy's school schedule, I am now able to give you a few more of my vaca­tion dates as follows:

* * * 

5.  June 3, 1997.  Pre-trials scheduled for the morning can be continued to the trial date for each case.  There are no hearings scheduled for the afternoon.

* * *

I would further suggest that notice of the foregoing be handled as follows:

* * *

b) State to send notice regarding pre-trials which are continued from May 13, May 14, June 2, June 3, and June 4."   

On June 3, 1997, the prosecutor showed up for the pretrial proceeding; howev­er, neither Judge Borbely, defense coun­sel, nor defendant appeared.  On October 24, 1997, defendant filed a motion to dismiss the charges pursuant to section 103-5(b) of the Code, alleging that the State had not brought him to trial within 160 days from the date he filed his speedy trial demand (March 26, 1997).

At the November 1997 hearing on that motion, defense counsel argued, in part, that the delay could not be attributed to defendant because the June 3, 1997, pretrial hearing could not "be called without a [j]udge."  After considering counsel's argu­ments, Judge Stipp, the trial judge con­ducting the hearing on the motion, found that (1) no delay was attributable to defen­dant; and (2) 215 days had elapsed between March 26, 1997, and his October 27, 1997, trial date.  Judge Stipp thus granted defendant's motion to dis­miss.

B.  Case No. 4-97-0926

In March 1997, the State charged defendant Wynn by infor­ma­tion with criminal trespass to real property and criminal damage to property (720 ILCS 5/21-3, 21-1(1)(a) (West 1996)).  At defendant's March 1997 arraignment, Judge Borbely set a pretrial hearing for June 3, 1997, and defendant's trial for September 26, 1997.  The judge also released defendant on bail. 

On March 19, 1997, defendant filed a speedy trial demand pursuant to section 103-5(b) of the Code.  In an April 11, 1997, memorandum letter, Judge Borbely in­formed the prose­cu­tor and defense counsel of the judge's upcoming vacation schedule (as earlier set forth). 

On June 3, 1997, the prosecutor and defendant showed up for the pretrial proceeding; however, neither Judge Borbely nor defense counsel appeared.  On September 25, 1997, defendant filed a motion to dismiss the charges pursuant to section 103-5(b) of the Code, alleging that the State had not brought him to trial within 160 days from the date he filed his speedy trial demand (March 19, 1997).  

At the hearing on the motion, the prosecutor argued that the delay between June 3, 1997, and September 26, 1997, should be attributed to defendant because defense counsel was absent from the June 3, 1997, pretrial proceeding.  Defense counsel argued that the delay should not be attrib­uted to defen­dant because Judge Borbely was not present for that pretrial pro­ceed­ing.  After considering counsel's arguments, Judge Stipp granted defendant's motion to dis­miss. 

 C.  Case No. 4-97-0927  

In March 1997, the State charged defendant Blue by infor­ma­tion with two counts of domestic battery (720 ILCS 5/12-3.2(a)(1), (a)(2) (West 1996)).  At defendant's March 1997 ar­raign­ment, Judge Borbely set a pretrial hearing for June 3, 1997, and defendant's trial for September 26, 1997.  The judge also re­leased defendant on bail. 

On March 19, 1997, defendant filed a speedy trial demand pursuant to section 103-5(b) of the Code.  In an April 11, 1997, memorandum letter, Judge Borbely in­formed the prose­cu­tor and defense counsel of the judge's upcoming vacation schedule (as  earlier set forth). 

On June 3, 1997, the prosecutor and defendant showed up for the pretrial proceeding; however, neither Judge Borbely nor defense counsel appeared.  On September 25, 1997, defendant filed a motion to dismiss the charges pursuant to section 103-5(b) of the Code, alleging that the State had not brought him to trial within 160 days from the date he filed his speedy trial demand (March 19, 1997).  

At the hearing on the motion, the prosecutor argued that the delay between June 3, 1997, and September 26, 1997, should be attributed to defendant because defense counsel was absent from the June 3, 1997, pretrial proceed­ing.  Defense counsel argued that the delay should not be attrib­uted to him because Judge Borbely was not present for that proceeding.  After consid­er­ing counsel's arguments, Judge Stipp granted defendant's motion to dis­miss. 

D.  Case No. 4-97-1051

In March 1997, the State charged defendant Gouard by information with theft (720 ILCS 5/16-1(a)(1)(A) (West 1996)).  At defendant's April 1997 arraignment, Judge Borbely set a pretri­al hearing for June 3, 1997, and defendant's trial for October 31, 1997.  The judge also released defendant on bail.   

On April 11, 1997, defendant filed a speedy trial demand pursuant to section 103-5(b) of the Code.  In an April 11, 1997, memo­randum letter, Judge Borbely in­formed the prose­cu­tor and defense counsel of the judge's upcoming vacation schedule (as earlier set forth).  

On June 3, 1997, the prosecutor and defendant showed up for the pretrial proceeding; however, neither Judge Borbely nor defense counsel appeared.  On October 27, 1997, defen­dant filed a motion to dismiss the charges pursuant to section 103-5(b) of the Code, alleging that the State had not brought her to trial within 160 days from the date she filed her speedy trial demand (April 11, 1997).

At the November 1997 hearing on that motion, defense counsel argued that she was not present on June 3, 1997, because Judge Borbely had informed her and the prosecutor (by his April 11, 1997, letter) that he would not be available on that day.  The prosecutor argued that Judge Borbely's letter did not consti­tute an order, but instead contained only suggestions to the attor­neys involved.  The prosecutor thus argued that Judge Borbely's prior order that the pretrial hearing take place on June 3, 1997, remained in effect and--consistent with the Vermil­ion County practice of holding "pretrials" regardless of whether the trial judge is present--defense counsel's absence on June 3, 1997, constituted delay attributable to defendant.  In particu­lar, the prosecutor argued as follows regarding Judge Borbely's absence on June 3, 1997, "Quite frankly, that doesn't mat­ter.  Without a judge here, all that means is there's not going to be an order presented by the [c]ourt or an agreement presented by the [c]ourt."  After consid­ering counsel's argu­ments, Judge Stipp found that (1) "no delays [were] attribut­able to the [d]efendant because of the absence of Judge Borbely on June 3, 1997"; and (2) 203 days had elapsed between April 11, 1997, the date defendant filed her speedy trial demand, and her October 31, 1997, trial date. 

E.  Case No. 4-97-1052

In March 1997, the State charged defendant Boggess by infor­mation with retail theft (720 ILCS 5/16A-3 (West 1996)).  At defendant's April 1997 arraignment, Judge Borbely set a pretrial hearing for June 3, 1997, and defendant's trial for October 31, 1997.  The judge also released defendant on bail.   

On April 11, 1997, defendant filed a speedy trial demand pursuant to section 103-5(b) of the Code.  In an April 11, 1997, memorandum letter, Judge Borbely in­formed the prose­cu­tor and defense counsel of the judge's upcoming vacation schedule (as earlier set forth).  

On June 3, 1997, the prosecutor and defendant showed up for the pretrial proceeding; however, neither Judge Borbely nor defense counsel appeared.  On October 27, 1997, defendant filed a motion to dismiss the charges pursuant to section 103-5(b) of the Code, alleging that the State had not brought him to trial within 160 days from the date he filed his speedy trial demand (April 11, 1997).

At the November 1997 hearing on that motion, Judge Stipp granted the prosecutor's motion to adopt and incorporate the State's argu­ment and objection raised during the hearing on defen­dant Gouard's motion to dismiss.  Judge Stipp then adopted and incor­porated the court's findings and rulings in defendant Gouard's case and granted defendant Boggess' motion to dismiss.  

These appeals followed.

II.  SPEEDY TRIAL ACT

The State argues that the trial court erred by granting defendants' motions to dismiss based on violations of the Speedy Trial Act.  Specifically, the State contends that the delays here were attrib­ut­able to defen­dants because defense coun­sel in each case was absent from the June 3, 1997, pretri­al proceed­ing, and 

"[t]he 'suggestions' in Judge Borbely's in­for­mal extra-record memo did not excuse that absence.  They were not an order, they did not supplant the order setting pretrial for June 3, and 
the
 
judge's
 
presence
 
is
 
not
 
re­quired
 
for
 
pretrials
 
in
 
Vermilion
 
County
."  (Emphasis added.)

We disagree.

The Speedy Trial Act provides an enforcement mechanism 

for violations of the constitutional right to a speedy trial.  See Ill. Const. 1970, art. I, §8; 
People v. 
Woolsey
, 139 Ill. 2d 157, 165, 564 N.E.2d 764, 767 (1990); 
People v. Healy
, 293 Ill. App. 3d 684, 689, 688 N.E.2d 786, 789 (1997).  That statute pro­vides, in rele­vant part, as fol­lows:

"(b) Every person on bail or recogni­zance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occa­sioned by the defendant ***.

* * *

(d) Every person not tried in accordance with *** this [s]ection shall be discharged from custody or released from the obligations of his bail or recognizance."  725 ILCS 5/103-5(b), (d) (West 1996).  

On a motion to dismiss for an alleged viola­tion of section 103-5 of the Code, the defendant bears the burden of affirma­tively estab­lishing the violation.  
People v. Bowman
, 138 Ill. 2d 131, 137, 561 N.E.2d 633, 636 (1990).  The trial court's deter­mination as to who is responsi­ble for a trial delay is enti­tled to great defer­ence, and a reviewing court should sustain it absent a clear abuse of discre­tion.  
People v. McDonald
, 168 Ill. 2d 420, 442, 660 N.E.2d 832, 841 (1995). 

In the present case, no dispute exists that defendants timely filed speedy trial demands pursuant to section 103-5(b) of the Code (725 ILCS 5/103-5(b) (West 1996)).  Nor does any dispute exist that defendants were not tried within 160 days from the dates they filed their speedy trial demands.  Instead, the State contends that the delay between the June 3, 1997, pretrial proceeding and each defendant's trial date was attribut­able to each defendant because defense counsel failed to appear at that pro­ceeding.

The problem with the State's contention is that the June 3, 1997, "proceeding" in each case did not constitute a judicial hearing in the first place.  Al­though pretrial discus­sions between the parties leading to a possi­ble plea agree­ment may be desir­able, without the presence of the trial judge, such discussions remain simply that and cannot constitute a judicial hearing or pro­ceed­ing--or whatever else the parties may choose to call it.  

Con­trary to the State's claim, a judge's pres­ence during a criminal pro­ceeding at the trial court level is not option­al.  Thus, because the June 3, 1997, "pro­ceeding" did not consti­tute a judi­cial pro­ceed­ing at all, the absence of defense counsel from that "pro­ceed­ing" was wholly irrelevant in allocat­ing respon­sibil­ity for the trial delays here.  According­ly, we hold that the trial court did not abuse its discretion by grant­ing defendants' motions to dismiss for violations of section 103-5(b) of the Code.    

In support of the rather unremarkable proposition that a proceeding in which the trial judge does not appear is 
not
 a judi­cial proceeding, we cite the recent decision of the Supreme Court of Illinois in 
People v. Vargas
, 174 Ill. 2d 355, 673 N.E.2d 1037 (1996).  In 
Vargas
, the supreme court addressed a situation in which a trial judge left the courtroom during the testimony of the final witness in a defendant's felony trial, and the court held that a presiding trial judge's total absence from the proceedings is 
per
 
se
 reversible error because the judge's presence is vital to the preservation of the integrity of the justice system and the defendant's right to a fair trial.  In so holding, the supreme court reasoned, as follows:

"[B]ecause of the significant public and private interests involved in a criminal jury trial, a harmless error rule standard of reviewing a judge's complete absence from the bench is ill-advisable in felony cases.  ***  In our view, only a rule which requires re­versal when a judge totally absents himself or herself from the proceedings will effec­tively remove any incentive which might oth­erwise exist for the judge to disregard the significant interests involved in a criminal trial."  
Vargas
, 174 Ill. 2d at 371-72, 673 N.E.2d at 1045.

The State also contends that--assuming Judge Borbely's April 11, 1997, letter constituted an order continuing the cases

--defense counsel in each case "con­curred in the continuance" and failed to take any affirmative action in response to Judge Borbely's order, such as objecting or renewing the speedy trial demand.  We are unper­suad­ed.

Under section 103-5(b) of the Code, a delay is "occa­sioned by" or attrib­ut­able to the defendant when an affirmative act by the defendant causes or contributes to the delay.  
People v. Turner
, 128 Ill. 2d 540, 550, 539 N.E.2d 1196, 1199 (1989).  An express agreement on the record to a continuance is an affir­ma­tive act attributable to the defendant.  
People v. Reimolds
, 92 Ill. 2d 101, 106, 440 N.E.2d 872, 875 (1982).  However, mere acqui­escence to a date suggested by the trial court is not an affir­ma­tive act attributable to the defendant.  
People v. Beyah
, 67 Ill. 2d 423, 428-29, 367 N.E.2d 1334, 1336-37 (1977); 
Healy
, 293 Ill. App. 3d at 690, 688 N.E.2d at 790.

In 
Beyah
, during defendant's bail hearing, the follow­ing exchange took place:

"THE COURT:  Motion for bond reduction denied.  Go ahead, pick a date.

MR. GOLDBERG [(Assistant State's Attor­ney)]:  I have got oth­ers [pri­or criminal records to pres­ent].

THE COURT:  I haven't got time.  Pick a date.  We'll give him a trial.  I can't talk about bond.  If you're innocent, you walk out.  If you're guilty, you go to jail.

MR. WALTERS [(Public Defender)]:  Set it down for three weeks from to­day.

THE COURT:  How about October 18?

THE DEFENDANT:  Can I get one earlier than that?

THE COURT:  I can't give you one earlier than that.  Motion Defendant, with subpoe­nas, October 18."  
Beyah
, 67 Ill. 2d at 426, 367 N.E.2d at 1335.

The trial court then scheduled the defendant's trial in three weeks and charged the delay to the defendant.

 On appeal, the supreme court noted that although the record reflected that the trial court set the trial on the defendant's motion, the court had initiated the delay.  
Beyah
, 67 Ill. 2d at 426, 367 N.E.2d at 1335.  The supreme court thus held that the trial court could not order the defen­dant to pick a date and then attribute the result­ing delay to defen­dant.  
Beyah
, 67 Ill. 2d at 428, 367 N.E.2d at 1336-37.  In so holding, the supreme court reasoned that attributing the delay to the defen­dant would be "a mockery of justice" because "'the court, and the court alone'" proposed the continuance even though the defendant took advantage of the court's offer.  
Beyah
, 67 Ill. 2d at 428-29, 367 N.E.2d at 1336-37, quoting 
People
 v. Wyatt
, 24 Ill. 2d 151, 154, 180 N.E.2d 478, 479 (1962).  

Similarly in 
Healy
, the prosecutor requested several continuances over a period of five months to complete blood, hair, and saliva analyses.  In response to the trial court's deci­sions to grant continuances to the prosecution, defense counsel made certain statements, such as "Sure, Judge" and "Very good, Judge."  The court subsequently attributed delays resulting from those continuances to the defendant and denied the defendant's motion to dismiss.  
Healy
, 293 Ill. App. 3d at 687-89, 688 N.E.2d at 788-89.  

On appeal, the court held that the delay was not attrib­ut­able to the defendant because defense counsel's state­ments did not constitute express agreement to the continu­ances.  In so holding, the 
Healy
 court distin­guished between cases in which the defense expressly agreed to delays (see 
Turner
, 128 Ill. 2d at 552, 539 N.E.2d at 1200 (record showed the defendant personally concurred in setting a new trial date)) and those in which defense counsel merely acquiesced in delays (see 
Beyah
, 67 Ill. 2d at 428, 367 N.E.2d at 1336-37)).  
Healy
, 293 Ill. App. 3d at 693-94, 688 N.E.2d at 792.  We agree with the appellate court in 
Healy
 that a distinction should be drawn between mere acquies­cence to delays and express agreement to delays, and we hold that mere acquies­cence to a date suggested by the trial court does not constitute delay "occa­sioned by the defendant."  

In this case, Judge Borbely's April 11, 1997, memoran­dum letter (1) indicated that he would not be available for pretrial hearings on June 3, 1997, and pretrial hear­ings sched­uled for that day could be continued to the trial date in each case; and (2) suggested that the State "send notice regarding pre[]trials which are continued."  In response to that letter, defense counsel in each case did not show up for the June 3, 1997, proceeding.  The records before us do not show any affir­mative acts or agreements by defendants which con­trib­ut­ed to the delays.  See 
Reimolds
, 92 Ill. 2d at 107, 440 N.E.2d at 875.  Defense counsel's conduct here amount­ed to nothing more than acquies­cence in dates suggested by the trial court.  Thus, we hold that the court did not abuse its discre­tion by granting defendants' motions to dismiss based on viola­tions of section 103-5(b) of the Code.  

III.  CONCLUSION

For the reasons stated, we affirm the trial court's judgments.

Affirmed.

GARMAN, P.J., and COOK, J., concur.