STATE, Plaintiff, vs. ALT, Defendant.

*April 6—May 1, 1934.*

The cause was submitted for the plaintiff on the briefs of the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Edmund H. Drager,* district attorney of Vilas county, and for the defendant on that of *Jonas Radcliffe* of Eagle River.

FOWLER, J. The defendant was found guilty by a jury of violation of sec. 29.22 (1), Stats., which provides that: "No person shall carry with him in any vehicle or automobile, any gun or rifle unless the same is unloaded, and knocked down or unloaded and inclosed within a carrying case."

The circuit judge certified to this court for answer whether an automatic repeating rifle is a loaded gun, within the meaning of the provision above quoted, that has in the magazine five cartridges loaded with powder and balls, but has no cartridge in the barrel, which gun is so constructed that by pulling back and releasing a plunger a cartridge from the magazine is inserted in the barrel, and the gun is cocked ready for firing by pulling the trigger which fires the gun, ejects the empty shell, and inserts a cartridge from the maga-

zine into the barrel and makes the gun ready for firing again by pulling the trigger.

The section of the statutes from which the above quotation is taken is contained in the chapter relating to fish and game. It is headed: "29.22 *General restrictions on hunting*. (1) *Prohibited methods*," and begins with: "No person shall hunt game with any means other than the use of a gun held at arm's length and discharged from the shoulder or a bow and arrow." It contains many restrictions on hunting besides the one first above quoted.

The purpose of the prohibition first above quoted, considering the heading, the language next above quoted, and the other restrictions in the section, manifestly is to prevent hunting from vehicles and automobiles. It aims to effect this purpose by preventing the carrying of guns ready for firing. A gun of the type and in the condition stated in the question is as ready for firing as an old-type gun would be that had a loaded cartridge in the barrel. Such a gun would unquestionably be a loaded gun within the meaning of the provision under which the defendant is prosecuted. To discharge such a gun, two motions would be required. The cock would have to be pulled back and the trigger pulled. Two like motions would discharge the gun of the question. We are therefore of opinion that the question submitted should be answered in the affirmative.

It is quite likely that apart from the particular provision involved, a gun as stated might, as an academic question, be considered as unloaded. Quite likely, also, it might be considered unloaded within a statute the purpose of which was to protect persons from injury by the gun's accidental discharge. But in view of the fact that the purpose of the statute is to protect game rather than persons, we consider that a gun of the type and in the condition stated in the question is a loaded gun.

*By the Court.*—The question submitted is answered "Yes."