**The People of the State of Illinois, Plaintiff-Appellee, v. Randall Max McClure, Defendant-Appellant.**

Gen. No. 68–88.

Fifth District.

February 21, 1969.

Rehearing denied March 24, 1969.

W. K. Kidwell, of Mattoon, for appellant.

Frank H. Schnoederjon, State's Attorney of Effingham County, of Effingham, for appellee.

GOLDENHERSH, P. J.

Defendant appeals from the judgment of the Circuit Court of Effingham County finding him guilty of the

offense of having in his automobile a pistol, which was not unloaded and enclosed in a case, in violation of chapter 61, section 180, Ill Rev Stats 1965.

The testimony shows that on September 6, 1965, the sheriff of Effingham County and his deputy placed defendant under arrest at the residence of his wife's parents. Defendant's automobile was in the driveway, and he asked the sheriff if it could be brought back to town because if it was left there it would be destroyed. The sheriff at first denied, and then approved the request, and the deputy entered defendant's car to ride into town with him.

The deputy asked defendant whether he had a gun in the car. He replied that he had, and got it out from under the seat. It was a Belgian automatic, 9 millimeter and contained a magazine with 13 shells. The gun was in a holster, in a paper bag. The holster also contained an additional magazine.

There is a conflict in the testimony as to whether, at the time he handed the deputy the gun, defendant's automobile was on a private road on his in-laws' premises, or on the public road.

Defendant was taken to Effingham, a complaint was filed, a warrant issued, and he was confined until the next morning, when he was released on bail. On March 1, 1966, defendant appeared in court and upon his representation that he was without funds, defense counsel was appointed.

On May 20, 1966, defendant filed a motion to dismiss, alleging that on September 7, 1965, he had demanded a trial, had never requested a continuance, and he had not been tried within 120 days of the date of demand. Defendant was tried by the court without a jury on September 19, 1966, and found guilty.

Defendant contends that in violation of Escobedo v. Illinois, 378 US 478, 84 S Ct 1758, he was not advised of his right to remain silent, and warned that anything he said might be used against him. There is no testimony

284

of any admission or statement made after his delivery of the gun to the deputy, and the relevancy of Escobedo, or any violation of the rule therein enunciated, is neither apparent to us nor pointed out by defendant.

■ When a defendant is free on bail the four months' period starts to run when he demands a trial, People v. Kuczynski, 33 Ill2d 412, 211 NE2d 687. The record does not support defendant's contention that trial was demanded prior to May 20, 1966, and he was tried within four months of that date.

Defendant contends the gun was not loaded, within the contemplation of the statute. Counsel have not cited, nor has this court found an Illinois case which decides what is a "loaded" gun. In State v. Alt, 215 Wis 387, 254 NW 533, the Supreme Court of Wisconsin held that an automatic repeating rifle having cartridges in the magazine, but none in the barrel was "loaded" within the statute which prohibited carrying a gun or rifle in a vehicle unless it was unloaded and knocked down, or unloaded and enclosed within a case.

■ The pistol in defendant's automobile contained a loaded magazine, and although there was no shell in the barrel, it required only the pulling back of the slide on the receiver to place the cartridge into position for firing, and cock the hammer. This was not an "unloaded" pistol within the contemplation of the statute.

■■ Defendant's final contention is that he was not proved guilty beyond a reasonable doubt. Defendant testified he did not recall whether the magazine was in the pistol when he handed it to the deputy sheriff. The credibility of the witnesses was for the trial court to determine, and the evidence is sufficient to sustain the conviction.

For the reasons set forth, the judgment of the Circuit Court of Effingham County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.