THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SHAROS, Defendant-Appellant.

(No. 73-421; )

Fifth District—November 27, 1974.

Meyer and Kaucher, of Belleville, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Richard Aguirre, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a conviction for unlawful delivery of a controlled substance. The trial was without a jury.

On March 15, 1973, appellant was arrested for delivery of a controlled substance, which took place on August 30, 1972. The substance was LSD, and it was sold to an Illinois Bureau of Investigation agent. On March 16, the day after his arrest, appellant was released on bond. On March 21, a preliminary hearing was held and appellant was bound over to the grand jury. On March 27, appellant filed a demand for a speedy trial, and on the next day, March 28, he filed a motion for discovery. On April 6 an indictment was returned, and on April 19 appellant was arraigned and pled not guilty, and his release on band was still in effect.

The appellant's case was called for trial on May 23, but a continuance was granted because the State had not complied with the discovery motion. Two days later, on May 25, the State did comply with the discovery motion, but the trial had already been continued until September 13. On that date, the appellant appeared and filed a motion for discharge under section 103—5(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b)). The judge who heard the motion for discharge made a finding that the delay was not occasioned by the appellant but that the 160-day period commenced from the date of arraignment and not from the date of demand. The motion for discharge having been denied, the trial was begun 6 days later on September 19.

This case presents a single issue, namely, should appellant have been discharged because he was not tried within 160 days of his formal written demand for a speedy trial. We hold that his motion for discharge should have been granted by the trial court.

In furtherance of the constitutional requirements contained in both the Federal and Illinois constitutions, section 103—5(b) provides that: "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant * * *."

Appellant maintains and the State concedes on appeal that the statute commenced to run from the date of demand, March 27, 1973. The State concedes that the date of arraignment was not the proper beginning point for computation of the 160-day period. We agree. This issue is thus narrowed to the single question of whether or not defendant's motion for continuance on May 23 was a delay "occasioned by the defendant" within the meaning of section 103—5. If it was not such a delay, then defendant's motion of September 13 for discharge should have been granted, because by that date 170 days had expired from the date of the demand. If appellant's motion for continuance resulted in a delay "occasioned by the

defendant," then the court was correct in denying the motion and appellant was not denied a right to a speedy trial within the meaning of section 103—5.

The record discloses that the trial court which heard the motion for discharge on September 13 after an extensive hearing made the finding that "since the defendant's motion for discovery had not been complied with on May 23, 1973, the continuance which was granted was not occasioned by the defendant." It should be pointed out that the trial judge who on September 13 made the finding that the delay was not occasioned by the appellant but that the 160-day period ran from the date of arraignment was not the judge who heard the case and fixed sentence.

In *People v. Scott* (1973), 13 Ill.App.3d 620, 630, 301 N.E.2d 118, the court said: "All discovery motions are not intrinsically dilatory, therefore not every such motion automatically extends the period in which the defendant must be tried." Continuing further the court said: "A motion may be simple and easily answered * * *. A discovery motion which the State can answer quickly would cause little or no delay; the State should not be permitted to use such a motion as an excuse to toll the statute implementing the constitutional right to a speedy trial." In holding that the court had not abused its discretion, the court continued by saying: "The interpretation of the motion and of the availability of the required information, the reasonable time needed to answer and whether proposed objections are genuine or dilatory, should rest in the judgment of the trial court and its decision as to the accountability for the ensuing delay, if there is one, should be sustained unless it is clearly shown that the court's discretion was abused."

■■ Since a motion for continuance was a logical sequence of the State's failure to comply with discovery, since the request for discovery was not difficult to comply with, and since the State delayed more than a month and a half after an indictment was returned to comply with the motion, it is clear that the court did not abuse its discretion in finding that the delay was not occasioned by the appellant. Nevertheless, compliance was made in sufficient time to have had the trial long before the expiration of 160 days.

■■■ Though the trial court did not abuse its discretion in finding that the delay was not occasioned by the appellant, it was in error in measuring the 160 days from April 19, the date appellant was arraigned and pleaded. The period should have been measured from March 27, the date appellant filed his demand for a speedy trial. Both the appellant and the State agree that the 160-day period should have been measured from this date, and there is ample authority to support this contention. (*People v. Kuczynski* (1965), 33 Ill.2d 412, 211 N.E.2d 687; *People v.*

268

*McClure* (1969), 106 Ill.App.2d 283, 246 N.E.2d 476; *United States v. Marion* (1971), 404 U.S. 307, 30 L.Ed.2d 468, 92 S.Ct. 455.) Furthermore, the plain reading of section 103—5(b) leads to the conclusion that a person may demand a speedy trial as soon as he is placed on bail or recognizance. Since in the instant case this demand was made more than 160 days before the date of the trial and the delay was not occasioned by the appellant, the appellant must be discharged.

The judgment of the Circuit Court of St. Clair County is reversed.

Reversed.

EBERSPACHER and CREBS, JJ., concur.