THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARK MOLLET, Defendant-Appellant.

(No. 73-369;

Fifth District—May 8, 1975.

Paul Bradley and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Donald F. Conaway, State's Attorney, of Carlyle (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant, Mark Mollet, was found guilty by a jury on four counts of a five-count burglary indictment. He was found not guilty on the fifth count. The court sentenced the defendant to concurrent sentences of 2 to 6 years in the Department of Corrections for each of the four counts upon which he was convicted.

The following questions are raised by the defendant on this appeal: (1) whether the trial court erred in denying the defendant's motion to dismiss the indictment for lack of a speedy trial; (2) whether the defendant was denied a fair trial when he was tried for five separate burglaries in one trial; (3) whether the court erred in admitting testimony that the defendant had confessed to being implicated in other crimes. The first question presented by the defendant as to whether or not he was afforded a speedy trial is dispositive of this case, and we will not comment on the other issues.

We hold that the judgment entered against the defendant must be reversed, because State failed to bring him to trial within 120 days of his arrest.

The police apprehended and arrested the defendant inside a tavern in Breese, Illinois, on Christmas Eve, 1972. On December 27, 1972, a criminal complaint was filed charging the defendant with five counts of burglary. On January 9, 1973, the court denied the defendant's motion for release on his own recognizance and set bail. Eight days later a preliminary hearing was set but continued because two key witnesses of the State could not appear. On January 24, 1973, a preliminary hearing was held and the defendant's case was bound over for consideration by the grand jury.

The grand jury indicted the defendant on February 9, 1973, on five

counts of burglary, and 16 days later he was arraigned. On the day of arraignment, the defendant filed a one-page motion for discovery, requesting a list of witnesses, copies of police reports, statements of prosecution witnesses, and confessions made to the police by the defendant.

The State responded to this motion without any objection on March 22, 1973. On April 26, 1973, the defendant moved for discharge because he had been in custody 123 days without trial. After a hearing on the motion, held the same day it was filed, the defendant was released by the court on his own recognizance. The ruling on the motion for discharge was taken under advisement by the court. Then on April 30, 1973, the court denied the motion for discharge, but granted defense counsel's motion to withdraw because he also represented a codefendant who had an antagonistic defense. The newly-appointed counsel renewed the motion for discharge for lack of a speedy trial immediately prior to the trial which began on May 8, 1973. In denying the second motion, the *ratio decidendi* of the court's prior denial of the motion for discharge emerged. It was that the defendant had tolled the 120-day statute (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a)) by filing the motion for discovery.

The defendant was in custody so the 120-day rule applies. The first motion for discharge was filed 123 days after the defendant was taken into custody. Thus, unless the delay was occasioned by the defendant, he was entitled to discharge. Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a).

■■ In *People v. Scott*, 13 Ill.App.3d 620, 301 N.E.2d 118, the court stated:

> "All discovery motions are not intrinsically dilatory, therefore not every such motion automatically extends the period in which the defendant must be tried. * * * A motion may be simple and easily answered * * *. * * * A discovery motion which the State can answer quickly would cause little or no delay; the State should not be permitted to use such a motion as an excuse to toll the statute implementing the constitutional right to a speedy trial. * * * The interpretation of the motion and of the availability of the required information, the reasonable time needed to answer and whether proposed objections are genuine or dilatory, should rest in the judgment of the trial court and its decision as to the accountability for the ensuing delay * * * should be sustained unless it is clearly shown that the court's discretion was abused." 13 Ill.App.3d 620, 630.

This court has recently followed the foregoing standard in *People v. Sharos*, 24 Ill.App.3d 265, 320 N.E.2d 351.

■■ In the instant case, we are of the opinion that the trial court abused its discretion in denying the defendant's motion to dismiss. The defen-

418

dant's motion for discovery consisted of one page, and it was filed the same day that he was arraigned. There was no objection by the State, and 29 days later it responded to the discovery motion. The State's response included various police reports, statements by witnesses, and a list of potential witnesses. All of this material, was either prepared by the sheriff, submitted to him or his office, or prepared by his employees. The latest date on any of the police reports is January 15, 1973. As early as January 12, 1973, the State's attorney made use of police reports and statements in proceedings under the Juvenile Court Act in which the juvenile co-offender was tried. This is clear evidence that the State's attorney then had access to the police files. Moreover, on January 24, 1973, the State called about 20 witnesses at the preliminary hearing.

Despite the time needed to assemble the material requested by the defendant, the foregoing facts lead us to the conclusion that the State's attorney could have responded almost immediately to the defendant's discovery motion of February 22, 1973. The material requested had already been compiled by that date. The latest police report bears the date January 15, 1973, whereas most of the reports were prepared in December, 1972. Consequently, we find that the filing of the discovery motion by the defendant occasioned no delay to the prosecution. For this reason, we hold that the trial court erred in allowing the case to proceed to trial. Accordingly, we dismiss the charges against the defendant for failure of the State to bring him to trial within 120 days of his arrest and confinement.

The judgment entered on the verdict of guilty against the defendant by the Circuit Court of Clinton County is reversed.

Judgment reversed.

EBERSPACHER and KARNS, JJ., concur.