1 February 2000

No. 2--98--0800 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Kane County.

)

Plaintiff-Appellee, ) No. 97--CF--1012 

                                )                   

v. )

)

CESAR VASQUEZ,     ) Honorable

) Philip L. DiMarzio,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Cesar Vasquez, was convicted following a jury trial of reckless homicide (720 ILCS 5/9--3(a) (West 1996)) and two counts of driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 1996)).  He appeals, contending that he was not tried within 160 days as required by the Code of Criminal Procedure of 1963 (Speedy Trial Act) (725 ILCS 5/103--5(b) (West 1996)).

On December 1, 1996, defendant was driving a pickup truck that struck a streetlight.  Oscar Anaya, a passenger in the truck, was killed.  Defendant was charged by citation with driving under the influence of alcohol and driving too fast for conditions.  On April 9, 1997, defendant filed a speedy trial demand on the traffic charges.

On May 1, 1997, the trial court ordered the State to provide defendant additional discovery.  The State nol-prossed the traffic 
case and, on May 14, 1997, defendant was indicted on two counts of reckless homicide and two counts of DUI based on the December 1, 1996, incident.  Defendant was arraigned on the new charges on May 29, 1997, and the cause was then continued several times.

On July 24, defendant moved to compel discovery.  The State responded that it would comply with discovery "in a couple of weeks."  Defense counsel stated that he would not agree to a continuance because of the speedy trial demand.  The prosecutor stated that he could provide the information "as quick as the 30th of July."  The court set trial for November 3.  It set an August 4 date for the State to comply with discovery and scheduled a final pretrial conference for October 24.

On August 4, defense counsel told the court that the State had said that it would comply with discovery "within the next few days."  The following colloquy then occurred:

"MR. SOTOMAYOR [defense counsel]: So, my suggestion is that we simply take it off the call at this point, get an October date, if it's not received by us within a short period of time I will have to motion--we will motion the case back up for that stuff, if that's agreeable with the court?

THE COURT: Mr. Sosnowski, any objection to that procedure?

MR. SOSNOWSKI [prosecutor]: No, Judge.  We have discussed that, and that's what we are plan [
sic
] on doing.

THE COURT: All right.  I note there is a final pretrial scheduled for October 24th at nine.  The matter is set for trial on November 3rd.

If there are any problems, counsel, I would appreciate knowing about them well in advance of the trial date."

On October 10, 1997, defendant filed a second motion to compel discovery.  At a hearing on October 17, defense counsel suggested that the case be continued to the final pretrial date, stating that he had brought the motion so the court would not think that he had waited until the last minute to bring the matter to the court's attention.  The court continued the case to October 24.

At the October 24 hearing, defense counsel said that he still had not received the discovery.  The court suggested that the parties meet the following week to ensure that the issue was resolved before the trial date.  On October 29, the State told the trial court that it still was attempting to locate some documents and that it would be requesting a continuance of the trial date.  Defense counsel stated that he would not agree to a continuance.  The court took the case off the trial call and converted the November 3 trial date to a status call.

On that date, the court continued the trial date to December 1 on the State's motion, with a final pretrial set for November 21.  On November 20, the State again moved for a continuance, stating that a material witness would be unavailable on December 1.  The State requested that the trial be continued to December 8.  Defense counsel stated that the week of December 8 was "a bad week."  The court therefore continued the trial to December 15, stating that the period from December 8 to December 15 would be charged to defendant for speedy trial purposes.  The cause was continued several more times and finally proceeded to trial on February 2, 1998.

Before trial, defendant moved to dismiss the charges on speedy trial grounds.  The court denied the motion, ruling that the cause was continued by agreement on August 4 and, therefore, the time from August 4 to October 24 was chargeable to defendant.

The jury found defendant guilty on all counts.  The court denied defendant's posttrial motion which again raised the speedy trial issue.  The court sentenced defendant to 3 years' imprisonment for reckless homicide and 364 days in jail on one DUI count.  The remaining convictions were vacated.  This court allowed defendant's motion to file a late notice of appeal.

Defendant contends on appeal that he was denied his right to a speedy trial.  He argues that a total of 200 days attributable to the State elapsed before his trial began.

We note that defendant discusses the two charges separately because they were filed at different times.  However, the State concedes that defendant's speedy trial demand applies to both charges because they arose out of the same incident.  See 
People v. Quigley
, 183 Ill. 2d 1, 13 (1998).  Therefore, we will not distinguish between the reckless homicide and DUI charges in discussing the speedy trial issue.

Although the parties dispute several blocks of time, we find one to be dispositive.  If the time from August 4 to October 24 was properly charged to defendant, then he was brought to trial within 160 days as required by the statute.  If that period is charged to the State, then defendant was not tried in time regardless of how the other disputed periods are charged.

Defendant contends that defense counsel's actions on August 4 did not delay the proceedings because the previously scheduled pretrial and trial dates remained in place.  The State responds that the time should be charged to defendant because he expressly agreed to a continuance.

A defendant released on bail must be tried within 160 days from the date he or she demands trial "unless delay is occasioned by the defendant."  725 ILCS 5/103--5(b) (West 1996).  The statute is to be liberally construed.  
People v. Beyah
, 67 Ill. 2d 423, 427 (1977).  It is the State's duty to bring a defendant to trial within the statutory period, but, on a motion to dismiss, defendant must affirmatively show that his speedy trial right was violated.  
People v. Reimolds
, 92 Ill. 2d 101, 106 (1982).  The statutory period is tolled where a delay is attributable to defendant.  
Reimolds
, 92 Ill. 2d at 106.  The trial court's ruling on a motion to dismiss on speedy trial grounds is entitled to deference and will not be disturbed absent an abuse of discretion.  
People v. Smith
, 251 Ill. App. 3d 839, 842 (1993).

Generally, delay is attributable to a defendant where his or her affirmative act causes or contributes to the delay.  
People v. Healy
, 293 Ill. App. 3d 684, 690 (1997).  The express agreement to a continuance is an affirmative act attributable to defendant, but mere silence or failure to object to a delay is not.  
Healy
, 293 Ill. App. 3d at 690.

Any delay caused by the filing of defense motions is ordinarily charged to defendant.  
People v. Harper
, 279 Ill. App. 3d 801, 808 (1996).  A defendant is charged with the time naturally associated with processing the motion, including the time necessary for the State to respond.  
People v. Lendabarker
, 215 Ill. App. 3d 540, 553 (1991).  A discovery motion does not automatically extend the speedy trial period.  
People v. Frame
, 165 Ill. App. 3d 585, 591 (1988), 
overruled on other grounds
, 
People v. Garrett
, 136 Ill. 2d 318 (1990).  A motion that would cause little or no delay cannot be used as an excuse to delay trial.  
People v. McClure
, 75 Ill. App. 3d 566, 569 (1979); 
People v. Mollett
, 28 Ill. App. 3d 415, 417 (1975); see also 
People v. Nunnery
, 54 Ill. 2d 372, 377 (1973).

Here, defendant's actions on August 4 caused no delay.  On July 24, the trial court set the final pretrial for October 24 and the trial for November 3.  The State concedes that it is chargeable with the time from July 24 to August 4.  See 
People v. Schmidt
, 233 Ill. App. 3d 512, 516 (1992) (delay caused by crowded dockets is attributable to State); 
People v. Wynn
, 296 Ill. App. 3d 1020, 1028 (1998) (acquiescence to date suggested by trial court is not delay occasioned by defendant).  However, the State argues that defendant brought a motion on August 4 and the cause was subsequently "continued by agreement."  We do not agree that defense counsel's suggestion "that we simply take it off the call at this point" was an agreement to a continuance.  To the contrary, defense counsel was in effect withdrawing his motion to compel discovery and acquiescing in the previously set trial and pretrial dates.  It was the trial court that then observed that October 24 had 
already
 been set for a pretrial conference.  Defendant's motion to compel discovery, which he later withdrew, did not delay the proceedings because the previously set dates remained in place.

It is disingenuous for the State to argue that it may take three months to turn over documents it originally estimated could be produced "in a few days" and then seek to charge that time to defendant.  A discovery motion that should cause little or no delay cannot be used as an excuse to delay trial.  
McClure
, 75 Ill. App. 3d at 569; see 
Frame
, 165 Ill. App. 3d at 591.

This case is similar to 
Wynn
.  There, the trial court stated that it would not be available on the previously scheduled pretrial date but suggested that the pretrials set for that date be continued to the trial date.  Although defense counsel failed to appear on the original pretrial date, the appellate court held that no delay was attributable to defendant because the cause was not delayed.  
Wynn
, 296 Ill. App. 3d at 1029; see also 
People v. Lendabarker
, 215 Ill. App. 3d 540 (1991) (where court had already set April 10 date on State's motion and defense counsel came in on April 6 to request continuance, four-day period was not chargeable to defendant because it caused no delay; only period after April 10 constituted actual delay attributable to defendant).

The State concedes it is responsible for the 70 days from the filing of the speedy trial demand on April 9 until June 19, for the 11 days between July 24 and August 4, and for the 10 days from the October 24 pretrial to the original November 3 trial date.  Moreover, the trial date was continued on the State's motion and the State admits it is responsible for at least 31 days of delay from November 3 to December 4.  Adding the disputed 81 days to the 122 days for which the State admits responsibility results in 203 days attributable to the State, far more than the 160 permitted by the statute.  Thus, although the parties dispute other periods, we do not discuss them.  Defendant was not tried within the time allowed by statute and the charges must be dismissed.

The judgment of the circuit court of Kane County is reversed.

Reversed.

McLAREN and RAPP, J.J., concur.