THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FELIX ORTIZ, Defendant-Appellant.

Second District    No. 2—98—1595

Opinion filed June 13, 2000.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Brandon Cue, of Ottosen, Trevarthen, Britz, Dooley & Kelly, Ltd., of Wheaton, for the People.

JUSTICE RAPP delivered the opinion of the court:

Following a bench trial, defendant, Felix Ortiz, was convicted of two possession-of-controlled-substances offenses (720 ILCS 570/402(c) (West 1996)). Defendant appeals, alleging a speedy trial violation and a violation of the one-act-one-crime rule. The State concedes that defendant is entitled to relief under the one-act-one-crime rule and we agree. We affirm in part and remand with directions.

## I. FACTS

As taken from the record presented by defendant, the facts relevant to this appeal are as follows. On September 6, 1996, defendant was arrested in Waukegan, Illinois, on an outstanding Wisconsin armed robbery warrant. Pursuant to the arrest, officers discovered cash, cocaine, and heroin on defendant. Defendant was cited for the drug offenses and detained until September 17, 1996, when he posted bond. On September 25, 1996, a three-count indictment was returned against defendant. Count I of the indictment alleged unlawful possession of less than 10 grams of heroin with intent to deliver (720 ILCS 570/401(d) (West 1996)), and counts II and III alleged unlawful possession of less than 15 grams of heroin and less than 15 grams of cocaine, respectively (720 ILCS 570/402(c) (West 1996)). Count I was later dismissed.

On November 14, 1996, a hearing was held pursuant to the Uniform Rendition of Prisoners as Witnesses in Criminal Proceedings Act (Uniform Witness Act) (725 ILCS 235/1 *et seq.* (West 1996)). During the hearing, the following colloquy took place.

"THE COURT: [W]e need a new MR number on the petition of the State of Wisconsin for case number 96 CF 585, that is their number, requesting the Defendant be transported as a material witness in that case. The Court has before it a proper certification of Judge Wilbur Warren of the need for Mr. Ortiz's presence as a witness in case 96 CF 585.

MR. KLEINHUBERT [assistant State's Attorney]: Is there also a matter pending where he is a defendant in the State of Wisconsin?

THE COURT: He also—

MR. KLEINHUBERT: Is there a governor's warrant been [*sic*] issued as to that?

MR. POTKONJAK [defense attorney]: No.

THE COURT: I don't believe so. It will require a waiver for extradition hearing on that matter.

MR. ORTIZ [defendant]: I already waived it.

MR. POTKONJAK: He says he already waived it.

MR. ORTIZ: I already waived it, Your Honor, out in bond court.

* * *

MR. KLEINHUBERT: We are going to need appropriate orders signed for that to be done. I don't know if it has been.

THE COURT: Mr. Ortiz, that was, in fact, your intent that previously at your other hearing to waive your right to hearing on the extradition matter?

MR. ORTIZ: You mean sign the waiver to go down—

THE COURT: Sign the waiver.

MR. ORTIZ: Yeah.

THE COURT: Well, I will direct the clerk to obtain the Sheriff's appropriate paperwork for that waiver as to that matter.

Any objection to the Defendant being transported to the State of Wisconsin for purpose as a witness?"

Over defendant's objection, the trial court ordered that defendant be transported from Lake County to Wisconsin "for the purpose of testimony in 96 CF 585." The trial court further ordered that, upon the completion of defendant's testimony, he be returned to the custody of the Lake County sheriff. Defendant then filed a written speedy trial demand (725 ILCS 5/103—5 (West 1996)), and the trial court granted defendant's request that his bond be revoked and that he immediately be returned to custody. No written order as required by the Uniform Witness Act is contained in the record.

Though not expressly reflected in the record, defendant was ap-

parently transported to Wisconsin pursuant to the trial court's request. While in Wisconsin, defendant was prosecuted and convicted on the armed robbery charges and he was imprisoned. Despite attempts as early as December 1996 to secure defendant's return, defendant was not returned to Lake County until 1998 pursuant to section 3—8—9 of the Unified Code of Corrections (Detainers Act) (730 ILCS 5/3—8—9 (West 1996)). Again, the record is incomplete as to defendant's waiver of extradition or as to the reasons that Wisconsin chose to prosecute defendant instead of returning him to Lake County pursuant to the Uniform Witness Act.

Upon his return, defendant moved to dismiss his Lake County charges based upon a statutory speedy trial violation. The trial court denied the motion, ruling that the Detainers Act rather than the speedy trial statute (725 ILCS 5/103—5 (West 1996)) controlled and that defendant was brought to trial within the time prescribed in the Detainers Act. Following defendant's conviction, the trial court denied defendant's posttrial motion and sentenced him to two concurrent three-year prison terms. The trial court awarded credit for time served and ordered the sentence to run concurrently with the sentence being served in Wisconsin. This timely appeal followed.

## II. DISCUSSION

Defendant presents two arguments for our consideration. First, he argues that his conviction should be reversed and he should be discharged due to a violation of his right to a speedy trial under the speedy trial statute and under the Detainers Act. Second, defendant argues that, if we reject his speedy trial challenge, then one of his convictions of possession of a controlled substance should be vacated because he simultaneously possessed both substances; thus, his separate controlled-substances convictions violated the one-act-one-crime rule.

## A. SPEEDY TRIAL

■ We first address defendant's speedy trial challenge. Section 103—5 of the Code of Criminal Procedure implements a criminal defendant's constitutional right to a speedy trial. 725 ILCS 5/103—5 (West 1996). Under the speedy trial statute, a defendant must be brought to trial within a specified time or be discharged. 725 ILCS 5/103—5(e) (West 1996). A defendant who is in custody must be brought to trial within 120 days from the date of incarceration. 725 ILCS 5/103—5(a) (West 1996). A custodial defendant need not make a speedy trial demand in order for the 120-day limitation to begin. *People v. Garrett*, 136 Ill. 2d 318, 329 (1990). On the other hand, a defendant who is free on bail or recognizance must make a demand for a speedy

trial and must be brought to trial within 160 days from the date that the demand is made. 725 ILCS 5/103—5(b) (West 1996). In either case, the speedy trial time limitation is suspended during those times that the defendant actually causes or contributes to a delay. 725 ILCS 5/103—5(a), (b) (West 1996); see also *People v. McDonald*, 168 Ill. 2d 420, 438 (1995).

Though it is the State's duty to bring a defendant to trial within the statutory period, on a motion to dismiss alleging a statutory speedy trial violation, the burden of proof rests with the defendant. *People v. Vasquez*, 311 Ill. App. 3d 291, 294 (2000). The trial court's ruling on a speedy trial motion will not be disturbed absent a clear abuse of discretion. *Vasquez*, 311 Ill. App. 3d at 294. Defendant contends that he did not cause or contribute to any delay beyond 160 days after he made his speedy trial demand and that therefore the trial court's ruling to the contrary was an abuse of discretion. We disagree with defendant.

■ Before addressing the applicable facts, we note that defendant, as appellant in this case, has failed to provide us with a complete record. To determine whether a claimed error warrants relief, a court of review must have before it a complete record of the proceedings from which an appellant claims error. *Webster v. Hartman*, 309 Ill. App. 3d 459, 460 (1999). The burden of presenting a sufficiently complete record rests with the appellant, and any doubts arising from an incomplete record will be resolved against the appellant. *People v. Leon*, 306 Ill. App. 3d 707, 714 (1999). Also, a reviewing court may affirm a lower court for any reason supported by the record. *Aboufariss v. City of De Kalb*, 305 Ill. App. 3d 1054, 1058 (1999). A lower court's judgment, not its reasoning, is the crux of appellate review. *Aboufariss*, 305 Ill. App. 3d at 1058.

Here, during the hearing pursuant to the Uniform Witness Act, defendant stated that he had previously waived extradition on his Wisconsin warrant. The record contains nothing indicating that defendant's statement that he waived extradition was false. Thus, defendant was aware that, if sent to Wisconsin, he would be subject to prosecution there. Granted, defendant objected to being sent to Wisconsin as a witness, and Illinois sent him despite his objection. However, once defendant was in Wisconsin, his act of waiving extradition kept him there and caused a substantial delay in his Illinois trial. If there are two reasons for a speedy trial delay, one attributable to the State and the other to the defendant, the fact that the delay was partially attributable to the defendant is sufficient to toll the statutory period. *People v. Smith*, 251 Ill. App. 3d 839, 843 (1993). Defendant and the State each partially share the blame for the delay in this case. Thus, because defendant was partially to blame, the statutory period

tolled until the Detainers Act was properly invoked. The trial court's ruling that the Detainers Act, rather than the speedy trial statute, applied was not a clear abuse of discretion.

■ Nor was the trial court's finding that defendant was timely tried under the Detainers Act an abuse of discretion. The Detainers Act requires that a defendant be brought to trial within 180 days of the defendant's initiation of proceedings under the Act and within 120 days of the defendant's arrival in the prosecuting state. 730 ILCS 5/3—8—9(a)(III)(a), (a)(IV)(c) (West 1998); see *McDonald*, 168 Ill. 2d at 436-37. The Detainers Act "speedy trial" provisions are interpreted using the same principles used to interpret the statutory speedy trial provisions. *McDonald*, 168 Ill. 2d at 438.

Here, the trial court found that defendant initiated the Detainers Act proceeding on March 13, 1998; that defendant arrived in Illinois on July 29, 1998; and that defendant was brought to trial on September 28, 1998. Furthermore, the trial court determined that defendant caused a 23-day delay in the proceedings, and defendant does not contest this finding. Thus, defendant was brought to trial within 180 days of initiating Detainers Act proceedings and within 120 days of arriving in Illinois. Defendant's "speedy trial" rights under the Detainers Act were not violated.

## B. ONE-ACT-ONE-CRIME RULE

■ We now turn to defendant's one-act-one-crime argument. Defendant contends that one of his convictions of possession of a controlled substance must be vacated because, as the law existed at the time of the offense, simultaneous possession of more than one controlled substance constituted only a single offense. The State agrees and concedes error. We likewise agree and accept the State's concession.

Defendant was tried on charges of simultaneously possessing cocaine and heroin in violation of section 402(c) of the Illinois Controlled Substances Act (720 ILCS 570/402(c) (West 1996)). At the time of defendant's trial, section 402 had been recently amended by Public Act 89—404 to add the following language:

> "A violation of this Act with respect to each of the controlled substances listed herein constitutes a single and separate violation of this Act." Pub. Act 89—404, eff. August 20, 1995 (amending 720 ILCS·570/402 (West 1994)).

Public Act 89—404 was later invalidated by *People v. Reedy*, 186 Ill. 2d 1 (1999), based upon a single-subject violation. Thus, section 402 reverted to its pre-August 20, 1995, form, which did not contain the quoted language. See 720 ILCS 570/402 (West 1994). The amendment was not reenacted until May 15, 1998, when the legislature passed

Public Act 90—593 (Pub. Act 90—593, eff. June 19, 1998). Defendant's convictions are therefore governed by case law interpreting section 402 of the Controlled Substances Act that existed prior to the effective date of the reenactment of the amendment. See *Johnson v. Edgar*, 176 Ill. 2d 499, 511-13 (1997).

Under the earlier version of section 402, the supreme court held that simultaneous possession of more than one type of controlled substance constituted a single offense. *People v. Manning*, 71 Ill. 2d 132, 137 (1978). Accordingly, there can be only one conviction of possession of a controlled substance and only one sentence. We, therefore, remand this case with directions to vacate one of defendant's convictions and corresponding sentence and to issue a new judgment order and mittimus reflecting only one conviction of unlawful possession of a controlled substance in violation of section 402(c) of the Controlled Substances Act.

## III. CONCLUSION

For the foregoing reasons, the circuit court of Lake County's denial of defendant's motion to dismiss on speedy trial grounds is affirmed. This cause is remanded for revision of the judgment order and mittimus in accordance with this decision.

Affirmed in part and remanded with directions.

GEIGER and THOMAS, JJ., concur.