THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMIE B. STOCKETT, Defendant-Appellant.

Fifth District   No. 5—04—0143

Opinion filed January 11, 2005.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The defendant, Jamie B. Stockett, was found guilty by a jury of aggravated robbery and was sentenced by the circuit court of St. Clair County to 11 years' imprisonment. The defendant appeals from the denial by the circuit court of St. Clair County of his *pro se* pretrial motion to dismiss the charges against him and discharge him from custody based on the violation of his statutory and constitutional rights to a speedy trial. For the reasons that follow, we affirm.

The defendant was arrested on January 5, 2003, on a charge of aggravated robbery. On January 24, 2003, the defendant was indicted on charges of aggravated robbery and robbery. He remained in custody throughout these proceedings.

On February 10, 2003, the defendant filed a motion for discovery. He requested, among other things, a transcript of those portions of the grand jury minutes containing his testimony and the relevant testimony of persons whom the prosecutor intended to call as witnesses at the trial. The State's response to the defendant's motion for discovery stated that the State did not have in its possession or control a transcript of the grand jury proceedings pertaining to the defendant; however, the response also stated, "[S]aid transcript is in possession and control of the Twentieth Judicial Circuit and is available on request therefrom." On March 18, 2003, the circuit court of St. Clair County ordered the court reporter to prepare the transcript of the grand jury proceedings pertaining to the defendant. The transcript was finally delivered to the defendant on June 26, 2003.

On May 15, 2003, the defendant filed a motion to suppress his confession. This motion was denied on July 31, 2003.

On June 23, 2003, the defendant filed a *pro se* motion to dismiss the indictment against him based on a violation of his statutory and constitutional rights to a speedy trial. This motion was denied on September 4, 2003. The cause proceeded to a jury trial on September

8, 2003. The defendant was found guilty and on October 30, 2003, was sentenced to 11 years' imprisonment. On appeal, the defendant argues only that his statutory right to a speedy trial was violated, and we will address only this issue.

Section 103—5(a) of the Code of Criminal Procedure of 1963 provides that every person in custody for an alleged offense shall be tried within 120 days from the date he was taken into custody, unless delay is occasioned by the defendant. 725 ILCS 5/103—5(a) (West 2002). Every person not tried in accordance with this section must be discharged from custody and is entitled to have the charges dismissed. 725 ILCS 5/103—5(d) (West 2002); *People v. Bowman*, 138 Ill. 2d 131, 137 (1990).

The period from January 5, 2003, the date of the defendant's arrest, until May 15, 2003, the date the defendant filed his motion to suppress, totals 130 days, meaning that the speedy trial term, exclusive of any delay attributable to the defendant, expired on May 5, 2003. The defendant argues on appeal that the trial court erred in attributing to him the delay from March 18, 2003, to May 15, 2003, occasioned by his attempt to obtain the transcript of the grand jury proceedings. He argues that Supreme Court Rule 412 (188 Ill. 2d R. 412) requires the prosecutor to turn over to the defendant transcripts of the grand jury proceedings pertaining to the defendant and, if those transcripts are not in the control or possession of the prosecutor, to make diligent, good-faith efforts to obtain those transcripts and make them available to the defendant. Accordingly, the defendant argues, any delay in obtaining those transcripts should be attributable to the State and not to the defendant.

■ Supreme Court Rule 412(a)(iii) provides that the prosecutor shall, upon written motion of the defendant, disclose to the defendant a transcript of relevant grand jury testimony if that transcript is within the possession or control of the prosecutor. 188 Ill. 2d R. 412(a)(iii). The rule further provides that if otherwise discoverable material is not in the possession or control of the prosecutor but is in the possession or control of other governmental personnel, the prosecutor shall use diligent, good-faith efforts to cause that discoverable material to be made available to the defendant. 188 Ill. 2d R. 412(g). If the prosecutor's efforts to procure the material are unsuccessful and the material or other governmental personnel are subject to the jurisdiction of the court, the court shall issue suitable subpoenas or orders to cause that material to be made available to the defendant. 188 Ill. 2d R. 412(g). The prosecutor is to perform its obligations under the rule "as soon as practicable following the filing of a motion" by the defendant. 188 Ill. 2d R. 412(d).

The question on appeal is whether the delay from March 18, 2003, when the order for the grand jury transcript was entered, until May 15, 2003, when the motion to suppress was filed, was delay attributable to the defendant or whether it was delay attributable to the State. If the delay was attributable to the defendant, his right to a speedy trial was not violated. If the delay was attributable to the State, the defendant was tried in violation of his right to a speedy trial and the trial court erred in denying the defendant's motion for a dismissal and discharge. The defendant has the burden of affirmatively establishing the violation. *People v. Bowman*, 138 Ill. 2d 131, 137 (1990). The trial court's determination of who is responsible for the delay is entitled to much deference and should be sustained in the absence of a clear showing of the trial court's abuse of discretion. *Bowman*, 138 Ill. 2d at 137.

Ordinarily, a routine discovery request will not toll the speedy trial period because, in actuality, it occasions no delay to the prosecution. See *People v. Mollet*, 28 Ill. App. 3d 415, 417 (1975). Most routine discovery requests can be responded to almost immediately by the prosecutor because the material requested has already been compiled by the police or prosecutor. *Mollet*, 28 Ill. App. 3d at 418. However, this is not always the case. As the Illinois Supreme Court explained in *People v. Crawford Distributing Co.*, 78 Ill. 2d 70, 80 (1979):

> "Certain discovery motions require much more time to fulfill than others. The information may be easily accessible or it may only be obtained after difficult search and inquiry. Therefore, some discovery motions may cause delay while others do not. This is a factual question that calls for the trial court's appraisal and we should give great weight to the trial court's finding. Also, it is incumbent upon the defendant to decide how he wishes to prepare for trial, and any course that he chooses that causes delay is charged to him."

Where a defendant's act in fact causes or contributes to a delay, that delay will be charged to the defendant. *Bowman*, 138 Ill. 2d at 139-40.

■ In the instant case, the defendant needed the transcript of the grand jury proceedings in order to prepare for a trial. This transcript was not in the control or possession of the prosecutor, but the prosecutor promptly informed the defendant of the identity of the party who did have the control or possession of the transcript. It was the defendant who needed the transcript in order to prepare for the trial, and the transcript was ordered to be prepared at the request of the defendant. The trial court determined that the time required to obtain from the court reporter the requested transcript was properly attributable to the defendant. We cannot conclude that the trial court abused its discretion in so determining.

The defendant argues on appeal that the prosecutor had the burden of using diligent, good-faith efforts to obtain for the defendant the transcript from the court reporter and that accordingly any delay in obtaining the transcript must be attributed to the State. The record does not reflect whether or not the prosecutor did make a diligent, good-faith effort to obtain the transcript for the defendant. Perhaps the prosecutor did. It is incumbent upon the defendant to show that the delay of the trial is not attributable to him, and the record must affirmatively establish this fact. *Crawford Distributing Co.*, 78 Ill. 2d at 79. We simply cannot conclude that the trial court abused its discretion in attributing to the defendant the delay involved in obtaining from the court reporter a transcript of the grand jury proceedings.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

DONOVAN, P.J., and GOLDENHERSH, J., concur.