**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200456-U

Order filed March 21, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
|---|---|---|
| Plaintiff-Appellant, | ) | |
| | ) | Appeal No. 3-20-0456 |
| v. | ) | Circuit No. 17-CF-311 |
| | ) | |
| ZEVEZ A. MURRELL, | ) | Honorable |
| | ) | Clark E. Erickson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices McDade and Schmidt concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court erred when it granted defendant's motion for a speedy trial dismissal.

¶ 2    The State appeals the Kankakee County circuit court's order granting defendant, Zevez A. Murrell's, motion to reconsider the denial of his motion to dismiss on speedy trial grounds. The State argues that the court erred in attributing the August 28 to September 29, 2017, and October 22 to November 26, 2018, periods to the State for purposes of the speedy trial calculation. We reverse the court's dismissal and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4            On June 9, 2017, the State charged defendant by indictment with first degree murder (720

ILCS 5/8-4(a), 9-1(a)(1) (West 2016)), aggravated battery with a firearm (*id.* § 12-3.05(e)(1)),

and aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)), for events that occurred on May 25,

2017. On June 29, 2017, defendant was arrested and taken into custody.

¶ 5            On June 30, 2017, defendant appeared in court. The court set bond and appointed the

public defender. The court continued the matter for formal arraignment to July 11, 2017.

¶ 6            On July 11, 2017, defense counsel appeared in court. Defendant refused to attend court

via audio and video system. Defense counsel requested a continuance.

¶ 7            On July 25, 2017, defendant demanded a speedy trial. The court continued the case for

two days to set a trial date.

¶ 8            On July 27, 2017, the court set defendant's trial date for October 2, 2017. The court set

August 28, 2017, as the deadline for filing pretrial motions.

¶ 9            On August 28, 2017, defense counsel failed to appear. Defendant was present in court

and indicated that he had not reviewed the discovery. The court continued the matter on

defendant's motion to August 29, 2017. Defendant did not object to the continuance.

¶ 10           On August 29, 2017, another public defender represented defendant and indicated that

defense counsel had a family emergency and could not attend court. Defense counsel had not

filed discovery or pretrial motions and was not in compliance with the court's previously set

filing date. The court set a new filing deadline of September 12, 2017. Defendant objected to the

continuance.

¶ 11           On September 12, 2017, defense counsel appeared and filed a motion to suppress

identification in open court. Counsel requested a one-week continuance to review discovery and

2

discuss a second pretrial motion with defendant. The court continued the matter to September 19, 2017.

¶ 12 On September 19, 2017, defense counsel informed the court that defendant had disclosed an alibi defense the day before, requiring her to investigate the defense. Counsel also filed a subpoena seeking information about the victim. The court set a hearing on the motion to suppress for September 29, 2017. Counsel indicated that she wished to proceed on the pretrial motions, but defendant may choose to forgo those motions to have his trial sooner. Additionally, counsel notified the court that defendant was not satisfied with her representation. The court informed defendant that he could choose to represent himself. The court continued that defendant was represented by counsel who would be making formal decisions. Defendant indicated that he understood.

¶ 13 On September 29, 2017, defense counsel informed the court that her witnesses for the hearing were not served and moved to continue the motion to suppress and the jury trial. The court continued the case to November 3, 2017, for a hearing on defendant's motion to suppress. The court set the new trial date of December 11, 2017, attributing the continuance to defendant.

¶ 14 On November 3, 2017, defense counsel moved to continue defendant's motion to suppress hearing as counsel needed more time to investigate and review additional discovery from the State. The court reset defendant's motion to December 8, 2017. The State informed the court that an attempt had been made to intimidate the victim in this case to not come to court on the present date. The victim had been shot multiple times on November 1, and continued to be hospitalized. The State requested an evidence deposition due to the victim's inability to attend court. The court continued the matter for a hearing on that motion until November 27, 2017.

¶ 15        On November 27, 2017, the State informed the court that it charged defendant with the new offense of unlawful communication with a witness and intimidation of a witness related to this case. The State indicated that it intended to enter the evidence of defendant's involvement in the shooting of the witness, including jail phone records showing that he actively encouraged and procured people to harm the State's witness as other-crimes evidence.

¶ 16        On December 8, 2017, pursuant to defendant's subpoenas, the court tendered subpoenaed police reports and cell phone records. The State tendered additional discovery to defense counsel and filed a motion *in limine* asking to introduce the previously described evidence against defendant for the witness intimidation allegations as other-crimes evidence. Defense counsel withdrew her motion to suppress identification and indicated that she was not ready for trial based on the discovery that the State had tendered regarding the new investigation. The court continued the case to December 21, 2017

¶ 17        On December 21, 2017, the State provided to the court copies of the indictments charging defendant with aggravated intimidation, harassment of a witness, intimidation, and communication with a witness. The court acknowledged that defendant had filed his own motion to dismiss on December 1, 2017[1] but stated that unless counsel chose to adopt the motion it would not set a hearing date. The court continued the matter for a hearing on the State's motion *in limine* to January 9, 2018.

¶ 18        On January 9, 2018, defendant failed to appear for the motion *in limine* hearing. The court granted the State's motion *in limine* to admit other-crimes evidence over defense counsel's objection. Counsel indicated that she had a pretrial motion that she needed to review with

---

[1]Defendant's motion to dismiss filed December 1, 2017, did not allege a speedy trial violation.

defendant before deciding to file it. Upon defense counsel's request, the court continued the case on defendant's motion to February 27, 2018.

¶ 19     Between February 27 and September 19, 2018, the parties continued to exchange discovery regarding defendant's new charges. Eventually, the court scheduled the case for a jury trial on September 24, 2018.

¶ 20     On September 19, 2018, the State filed a motion to continue due to the reassignment of a state's attorney and requested an opportunity to respond to defense counsel's August 17, 2018, disclosures. The court granted the State's motion over defense counsel's objection. Defendant informed the court that he wanted to "invoke [his] right to speedy trial." The court continued the case over defendant's objection to September 24, 2018, to reset the trial date.

¶ 21     On September 24, 2018, the court reset the jury trial date to October 22, 2018.

¶ 22     On October 18, 2018, defense counsel indicated that she needed more time to review the newly tendered discovery regarding defendant's intimidation charges and would be asking for a continuance on the trial date. Defendant objected and requested to proceed to trial on the following date. The court continued the case to October 22, 2018.

¶ 23     On October 22, 2018, defense counsel requested a continuance due to needing to review the discovery that the State had been in the process of tendering. Defendant stated, "I'm objecting to that motion, and I'm demanding trial[,]" and "she's fired. She can give me everything that she has on my case. I'm—[*sic*] trial today. I'm ready for a jury." The following colloquy occurred:

> "THE COURT: *** The case is called for jury trial. Are you moving for a continuance?
>
> THE DEFENDANT: I'm objecting

5

[DEFENSE COUNSEL]: I am, Judge. I—

THE DEFENDANT: I'm firing my attorney.

***

THE DEFENDANT: And I'm demanding trial today. ***

* * *

THE DEFENDANT: She can hand me everything that she has, and I'm ready for trial today.

* * *

THE COURT: *** The defendant objects, advises that he wishes to go to trial *pro se*.

THE DEFENDANT: Today.

THE COURT: The case is going to be continued, defendant's motion, to November—I'm going to set it over to November the—

THE DEFENDANT: I will not be—I will not be coming to court

THE COURT: Well—

THE DEFENDANT: At all.

THE COURT: Really?

THE DEFENDANT: Anymore.

* * *

THE COURT: Okay. Then I'm going to advise you today, sir, that I'm setting your case for trial on November 26th at 10:30; that if you fail to appear in court, Illinois law allows for you to be tried *in absentia*.

6

* * *

THE COURT: Well, are you going to represent yourself on November 26th?

THE DEFENDANT: I'm representing myself today in trial."

The court continued to determine if defendant planned to represent himself at a future trial date. Defendant refused to answer the court's question. Following this interaction, the court asked, "My question to you is, are you going to represent yourself on that new trial date?" Defendant responded, "Yeah. She can hand me everything," then stated, "I'm going to trial today." The court continued:

> "Case is continued to November 26th, 10:30. And I am going to be bringing him over a week from now to admonish him on representing himself, and we'll see whether or not he wishes to represent himself. I will also admonish him on trial *in absentia*.
>
> ***
>
> THE DEFENDANT: I'm not coming over."

The court continued the case to October 29, 2018, to admonish defendant on representing himself and a trial *in absentia*.

¶ 24    On October 29, 2018, the court admonished defendant on proceeding as a self-represented litigant. The court granted his request to represent himself, and defendant waived his right to an attorney. Defense counsel tendered discovery to defendant, and the court appointed defendant's former attorney as stand by counsel. The State requested a short status date to ensure that defendant had obtained complete discovery. Initially, defendant objected to the continuance but then requested to return to court the next day to file subpoenas for records and requested a

hearing on his previously filed motion to dismiss. The court continued the case for one day and set a future court date of November 2, 2018, for status and to guarantee that defendant had all the discovery.

¶ 25 On October 30, 2018, defendant informed the court that one recorded phone conversation was not included in his discovery. Defendant requested several subpoenas to be issued.

¶ 26 On November 2, 2018, following a hearing, the court denied defendant's motion to dismiss. Defendant informed the court that he had several more subpoenas for witnesses' cell phone records. The court continued the matter to November 6, 2018.

¶ 27 On November 6, 2018, defendant filed a motion to quash indictment, motion *in limine*, supplemental discovery motion, motion to compel discovery, and a motion to dismiss due to alleged speedy trial violation. Defendant also filed six new subpoenas. The court set a hearing date for defendant's motions and return on his subpoenas for November 13, 2018.

¶ 28 On November 7, 2018, defendant renewed counsel's prior motion to suppress identification. The court set defendant's motion for hearing on November 21, 2018. Defendant filed four additional motions and four more subpoenas.

¶ 29 On November 9, 2018, defendant requested to file two new subpoenas. The court continued the case to November 16, 2018, for additional subpoena returns.

¶ 30 On November 13, 2018, the court ruled on defendant's two motions to compel discovery, request for transcripts and motion *in limine* regarding jail calls related to his intimidation charges. Defendant asked the court to reconsider its ruling from January 9, 2018, allowing evidence of defendant's other crimes into evidence. Defendant filed another subpoena request. The court continued that issue to November 16, 2018, to allow the State to respond to defendant's motion to reconsider.

¶ 31    On November 16, 2018, the court denied defendant's motion to quash indictment and defendant's request to reconsider its ruling allowing defendant's other-crimes evidence. The court addressed defendant's motion to compel discovery and ordered the State to tender the information it had, but the court did not require the State to conduct any further investigation.

¶ 32    On November 19, 2018, defendant filed a new subpoena for information, several witness subpoenas, and an answer to discovery listed several new witnesses. The State filed a motion to continue the trial. The court granted the motion and set the trial date for December 3, 2018.

¶ 33    On November 21, 2018, following a hearing, the court denied defendant's motion to suppress identification. Defendant filed additional subpoenas for witnesses.

¶ 34    On November 27, 2018, both parties tendered additional discovery. The court continued the case to November 29, 2018, for a hearing on defendant's motion *in limine* regarding the admission of his jail calls related to his intimidation charges.

¶ 35    On November 29, 2018, following a hearing, the court reserved its ruling on defendant's motion *in limine* and continued the case to the trial date December 3, 2018.

¶ 36    On December 3, 2018, the court granted defendant's motion *in limine* regarding some of the recorded jail calls and denied his motion for others. Defendant's trial began.

¶ 37    A jury found defendant guilty of aggravated battery with a firearm and aggravated discharge of a firearm.

¶ 38    After trial, defendant filed a number of posttrial motions, including a "Motion to Reconsider Motion to Dismiss" regarding defendant's speedy trial violation claim. Following a bifurcated hearing, the court determined that the dates prior to June 29, 2017, were attributable to defendant. The court continued to attribute June 29 and 30, 2017, to the State. The court attributed the June 30 to July 25, 2017, to defendant. The court found that defendant demanded a

9

speedy trial on July 25, 2017, and attributed July 25 to July 27, 2017, to the State. The court attributed July 27 to September 29, 2017, to the State. The court attributed to defendant the time from September 29, 2017, to the scheduled trial date of September 24, 2018. Due to counsel's indication that she was unprepared for trial and request for a continuance, the court attributed October 22, 2018, to November 26, 2018, the new trial date, to defendant. The court denied defendant's posttrial motion.

¶ 39    Defendant filed a "Motion to Reconsider Speedy Trial Ruling *Stare Decisis*." Defendant alleged that the court improperly attributed the time period from October 22 to November 26, 2018. In its response, the State contended that the court improperly attributed August 28 to September 29, 2017, to the State where defendant requested pretrial continuances. The State maintained that the court correctly calculated the period between October 22 and November 26, 2018, to defendant.

¶ 40    The court narrowed the dates at issue to September 24 to October 22, 2018. In ruling on defendant's motion, the court's findings for the dates leading up to October 22, 2018, remained consistent with its prior ruling. The court calculated 68 days as of September 24, 2018. The court calculated 92 days attributed to the State on October 22, 2018. The court reversed its previous finding attributing October 22 to November 26, 2018, to defendant. The court found that defendant indicated his willingness to proceed to trial on October 22, 2018, without having received the additional discovery tendered by the State, and the court continuing the trial over defendant's objection. The court attributed October 22 to November 26, 2018, to the State due to defendant's willingness to proceed to trial and his objection to counsel's request for a continuance. The court calculated the additional time as 34 days, totaling 126 days. The court

10

attributed the final one-week continuance to December 3, 2018, to the State and granted defendant's motion to dismiss.

¶ 41                                            II. ANALYSIS

¶ 42          On appeal, the State argues the circuit court abused its discretion in granting defendant a speedy trial dismissal, as the court erroneously attributed the August 28 to September 29, 2017, and October 22 and November 26, 2018, periods to the State.

¶ 43          "In Illinois, a defendant has *** a statutory right to a speedy trial." *People v. Cordell*, 223 Ill. 2d 380, 385 (2006). Section 103-5(a) of the Speedy Trial Act provides that

> "[e]very person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he or she was taken into custody unless delay is occasioned by the defendant ***. Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103-5(a) (West 2016).

¶ 44          In a motion to dismiss due to a speedy trial violation, defendant has the burden of establishing facts which demonstrate a violation of the speedy trial statute. *People v. Hall*, 194 Ill. 2d 305, 327 (2000). "[T]he relevant question is whether defendant occasioned the delay in his trial." *People v. Janusz*, 2020 IL App (2d) 190017, ¶ 57. A delay is attributable to a defendant when a defendant's act caused or contributed to the delay. *People v. Mayo*, 198 Ill. 2d 530, 537 (2002). "There is nothing in the section to indicate that the 'delay' must be of a set trial date." *Cordell*, 223 Ill. 2d at 390. When the delay is attributable to a defendant, the statutory period is tolled. *People v. Ortiz*, 313 Ill. App. 3d 896, 900-01 (2000). Even a delay partially attributable to a defendant is sufficient to toll the statutory period. *Id.* The court's decision as to the

11

accountability for a delay in bringing a defendant to trial should be upheld, absent a clear abuse of discretion. *People v. Reimolds*, 92 Ill. 2d 101, 107 (1982).

¶ 45    The State first argues that the court erroneously attributed the period between August 28 and September 29, 2017, to it, as defendant requested several continuances during this period. Here, defense counsel affirmatively requested continuances on August 28, September 12, September 19, and September 29, 2017. Defendant did not object to those continuances. Therefore, the delays are attributable to defendant and the speedy trial calculation is tolled for this period. See *Janusz*, 2020 IL App (2d) 190017, ¶ 57; *Ortiz*, 313 Ill. App. 3d at 900-01. We note that defendant objected to counsel's continuance from August 29 to September 12, 2017. Defendant's objection to counsel's continuance repudiated counsel's request, and therefore, we attribute this two-week period to the State. See *Hall*, 194 Ill. 2d at 328-29 ("where a defendant does not promptly repudiate an attorney's unauthorized act upon receiving knowledge of the same, the defendant effectively ratifies the act"). Therefore, the court erred when it attributed the August 28, September 12, September 19 and September 29, 2017, continuances to the State. The delay between August 29 and September 12, 2017, should be attributed to the State. This delay, in addition to June 29 and 30, 2017, and July 25 to August 28, 2017, attributes a total of 55 days to the State as of September 29, 2017.

¶ 46    The State next argues that the court erroneously attributed the period between October 22 and November 26, 2018, to it. On October 22, 2018, defendant's speedy trial count had reached 88 days. On that date, for the first time, defendant requested to represent himself and demanded a trial *instanter*. The court refused defendant's demand, and instead continued the case for one week to admonish defendant of his right to proceed as a self-represented litigant and the potential for a trial *in absentia* if defendant failed to appear for trial. Given defendant's demand to proceed

12

to trial, the seven-day delay that followed is attributable to the State. See *People v. Pearson*, 88 Ill. 2d 210, 215 (1981) (when a defendant asserts his right to discharge his attorney and proceed to trial *instanter*, the continuance is not attributable to defendant). Although this period is attributable to the State, we note that the court reasonably continued the case as defendant necessarily required time to review discovery, prepare for trial, and ultimately determine if he wished to persist in his demand to proceed as a self-represented litigant.

¶ 47        At the October 29, 2018, hearing, despite defendant's threats to not return to court, defendant appeared and was admonished by the court. Defendant then elected to proceed as a self-represented litigant, received discovery, and did not object to the November 26, 2018, trial date. The next day, on October 30, 2018, defendant filed several subpoenas requesting documents he believed he needed to prepare for trial. Defendant continued to file motions and subpoenas until December 3, 2018. Defendant's filings confirmed the court's determination that defendant was unprepared to proceed to trial as a self-represented litigant on October 22, 2018. Moreover, it supports attributing the time to defendant. See *People v. Lilly*, 2016 IL App (3d) 140286, ¶ 31 (any type of motion filed by defendant which eliminates the possibility that the case could immediately be set for a trial constitutes an affirmative act of delay attributable to defendant for the purposes of speedy trial). Therefore, the court abused its discretion when it attributed the October 29 to November 26, 2018, period to the State and found that defendant's statutory right to a speedy trial had been violated. The dates attributed to the State from September 24 to October 29, 2018, and November 26 to December 3, 2018, place defendant's trial well within the 120-day period at 97 days. [2]

_____

[2]The record shows that the court attributed the delay to the State beginning September 24, 2018. However, the court granted the State's continuance on September 19, 2018. The parties do not contest the court's calculation related to this date.

13

¶ 48                                   III. CONCLUSION

¶ 49        The judgment of the circuit court of Kankakee County is reversed and remanded.

¶ 50        Reversed and remanded.